### MOON v. STATE. (5 Div. 413.)

(Court of Appeals of Alabama. April 3, 1923.)

1. Intoxicating liquors ⬳236(19) — Evidence held insufficient to support conviction for unlawful manufacture.

In a prosecution for manufacturing prohibited liquors, evidence *held* insufficient to support conviction.

2. Criminal law ⬳560, 561(1)—Accused must be found guilty beyond reasonable doubt, and suspicion is not enough.

Where the state seeks a conviction of a felony, it cannot rely on surmises or suspicion, and the jury must not convict except upon evidence from which they can say beyond a reasonable doubt that the defendant is guilty as charged.

3. Intoxicating liquors ⬳224 — State must meet the burden of proof in prosecution for violation of prohibitory laws as in any other crime.

One charged with the violation of the prohibition laws is entitled to the same considera-

tion as one charged with murder or any other crime, and the courts cannot permit convictions to stand unless the state meets the burden of proof.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Sidney Moon was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

N. D. Denson & Sons, of Opelika, for appellant.

The verdict was contrary to the evidence, and motion for new trial should have been granted.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen.. for the State.

The record is free from error.

SAMFORD, J. The defendant was indicted under two counts, the first charging manufacturing liquor, and the second the possession of a still. When the evidence was all in, the solicitor entered a nol. pros. as to the second count, and the trial proceeded to judgment on the first.

Stating the evidence most strongly for the state: The officers found a still in operation at which prohibited liquor was being manufactured in Chambers county, about three miles from the home of defendant, and the officers saw defendant coming from the still with a five-gallon demijohn of whisky, which he carried over the hill and hid in some bushes. When he started back in the direction of the still, he saw one of the officers, and, to use the expression of the sheriff, "He went in high gear running." The defendant was not then arrested. Those present were, and one of those present entered a plea of guilty to operating the still, and is now serving a term in the penitentiary for the crime. The defendant sought to establish an alibi; but under our view of this case that phase of the evidence need not be noticed.

It is evident that the state arrived at the conclusion from the evidence that there was not enough evidence to convict the defendant of the possession of the still, and with this conclusion the trial judge agreed by consenting to a nol. pros. as to that count.

[1, 2] There was no more evidence of the defendant having manufactured whisky than that he was particeps criminis in having the still in possession. If a man should be seen coming away from a gristmill of which he was not in possession and in no way connected, with a sack of meal, it could hardly be presumed that he manufactured it, or, if he was seen coming from a syrup mill with a barrel of syrup, that he made the syrup. If it were a violation of the law, he would be guilty of having the meal or the syrup in his

possession, and there might be surmises with reference to how he came by it. So in this case the defendant could have been convicted of having the whisky in his possession, which under the law is a misdemeanor, but the state is seeking to send a man to the penitentiary for a felony, and to do so the state cannot rely on surmises or suspicion, and the jury must not convict except upon evidence from which they can say beyond a reasonable doubt the defendant is guilty as charged. Is there any evidence in this case to warrant the condemnation of this defendant as a felon and sending him to the penitentiary for an indeterminate sentence of from 20 months to three years? That he might, upon proper indictment, have been convicted and fined for having in his' possession whisky, is not sufficient. Admittedly, by the state's own act in taking the nol. pros. as to the second count, he was not the owner or in the sole or joint possession of the still found: There is no evidence that he furnished any of the beer from which the whisky was made, or that he was even seen working around the still or doing any act aiding in the manufacture of the whisky.

[3] A man charged with a violation of the prohibition laws is entitled to the same consideration as one charged with murder or any other crime, and the courts cannot permit convictions to stand unless the 'state meets the burden of proof.

The motion for a new trial should have been granted, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.