(101 So. 505)

## TWILLEY v. STATE. (7 Div. 19.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

Intoxicating liquors 238(1) — Defendant entitled to affirmative charge, there being nothing but conjecture.

Defendant, prosecuted for making prohibited liquor, was entitled to the affirmative charge requested; the evidence amounting at most to mere conjecture, speculation, or suspicion.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

W. D. Twilley was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

I. M. Presley, of Ft. Payne, for appellant.

The corpus delicti was not shown, and defendant was entitled to the affirmative charge. Moon v. State, 19 Ala. App. 176, 95 So. 830; Guin v. State, 19 Ala. App. 67, 94 So. 788; Morris v. State, 18 Ala. App. 456, 93 So. 61; Farmer v. State, 19 Ala. App. 560, 99 So. 59.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue that the affirmative charge was properly refused, but cite no authorities.

BRICKEN, P. J. A careful reading of all the testimony in this case fails to disclose any evidence showing or tending to show that the corpus delicti of the offense charged in the first count of the indictment had been proven. The conviction of this defendant

was therefore improper, there being no evidence sufficient to create even a suspicion that the accused distilled, made or manufactured prohibited liquors. It would be inordinate and unconscionable to permit a judgment predicated upon such testimony to stand in a court of justice. The burden of proof required in a criminal prosecution was not met by the state. The defendant was entitled to the affirmative charge requested in writing as to count 1 of the indictment. The court gave such charge as to count 2. Moon v. State, 19 Ala. App. 176, 95 So. 830. The facts in the Moon Case, supra, were much stronger against the defendant than the facts in the case at bar, and in that case this court reversed the judgment of conviction because of the insufficiency of the evidence to sustain it. The conviction of the defendant in this case must have rested upon the merest conjecture, speculation or suspicion, although the evidence barely rises to the dignity of either. The judgment of conviction appealed from is reversed and the cause remanded.

- Reversed and remanded.