(113 So. 85)

### WOODALL v. STATE. (4 Div. 286.)

Court of Appeals of Alabama. May 17, 1927.

F. M. De Graffenried, of Seale, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
No briefs reached the Reporter.

BRICKEN, P. J. ■ The verdict of the jury in this case was, "Guilty under count 2 of the indictment." This verdict operated as an acquittal of the defendant as to the charge contained in count 1. Count 2 charged that he did manufacture, sell, give away, or have in his possession a still or apparatus or appliance, or some device or substitute therefor, to be used for the purpose of manufacturing or distilling prohibited liquors or beverages contrary to law.

■ The controlling question in this case is whether or not the court erred in refusing to defendant the affirmative charge as to count 2 of the indictment, which was requested in writing. It is insisted there was no evidence in this case showing, or tending to show, any connection whatever of this appellant with the possession of the still in question. Upon examination of the evidence, on the question of possession of the still by appellant, we find nothing therein to sustain the charge contained in the second count of the indictment, the count upon which he was convicted.

The evidence shows that after the officers had "raided" the still and destroyed it; and about 11 o'clock at night when the officers were on their way out from the still place, with the four persons whom they arrested at the still, they met this appellant and another man in the road going in the direction of the place where the still had been destroyed. The evidence was in conflict as to the distance from the still to the place where the officers met and arrested the defendant. Some of the evidence was to the effect that it was 150 or 200 yards from the still; other witnesses testified that it was much further, and stated that it was about three-quarters of a mile from the still to where he was met, going in that direction and was arrested. No other evidence in this case even tends to show any incriminating fact or circumstance against the accused so far as the accusation of possession, ownership, or control of the still is concerned. That this evidence is wholly insufficient to sustain the charge and to support the judgment of conviction in this case is clear and needs no discussion. The Attorney General representing the state in this case concedes this fact, and the state confesses error in this connection.

There was some evidence in this case which might have had the tendency to incriminate appellant as to some offense charged in the first count of the indictment, but as to these accusations he was acquitted by the verdict of the jury. The defendant denied all knowledge of the still. He testified, "No, sir; I didn't know it was there." There was no evidence to the contrary, nor was there any evidence even tending to show that the defendant had ever been at the still. The evidence being without conflict, it was the duty of the court to instruct the jury, as a matter of law, to acquit the defendant under the second count of the indictment. For the error in refusing to give this charge, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.