160 So. 266

## DAVIS v. STATE.

### 8 Div. 120.

Court of Appeals of Alabama.
March 19, 1935.

Proctor & Snodgrass, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

The law ought to be consistent. We have reaffirmed our holding in Dickey v. State, 22 Ala. App. 375, 115 So. 848, more than once. See Shepard's Alabama Citations.

There, we held that a conviction such as the instant one could not be sustained upon mere proof of the accused's presence at a still, etc., not on his premises, and that he was seen to catch some of the whisky being manufactured in a bottle, taste it, and run away upon the approach of the officers.

Here, the only way the state would have us sustain the conviction is by testimony tending to show that appellant was present at a still, etc., on premises not his own, and that he carried a rock, or carried some rocks, and deposited it or them near the still. What the rocks were to be used for does not appear, except by pure speculation.

We can easily imagine that this old man (shown to be seventy) is guilty. But the evidence, as we read it, and as we have held in numerous cases, was not sufficient to sustain the verdict of the jury. See Wallace v. State, 25 Ala. App. 334, 145 So. 583, and Dickey v. State, supra.

For the error in overruling appellant's motion to set aside the verdict of the jury, and the judgment entered thereon, the said judgment is reversed and the cause remanded.

Reversed and remanded.