31 So.2d 774

## HUDSON v. STATE.
### 4 Div. 462.

Supreme Court of Alabama.
June 30, 1947.

J. N. Mullins and J. N. Mullins, Jr., both of Dothan, for petitioner.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

The defendant was convicted of the illegal possession of a 'moonshine still. His conviction was affirmed by the Court of Appeals and the case brought here by petition for writ of certiorari. The material question to be considered is whether the evidence was sufficient to sustain the conviction.

The controlling rule in such cases is that mere presence of the defendant at a still on premises not his own will not warrant a conviction for the illegal possession thereof. There must be more, such as acts or conduct of defendant in or about the still or other incriminating evidence which indicates an interest in or

that he is aiding or abetting in the possession. Rikard v. State, 31 Ala.App. 374, 18 So.2d 435; Lock v. State, 21 Ala.App. 81, 105 So. 431; Farmer v. State, 19 Ala. App. 560, 99 So. 59; Biddle v. State, 19 Ala.App. 563, 99 So. 59.

The evidence on which conviction was rested, as stated in the opinion of the Court of Appeals, is:

"* * * two deputy sheriffs went to appellant's home in Houston County and found appellant in a field adjoining his house. Appellant and a negro man were first seen in the field near a fence as they were proceeding toward the house. Several sets of men's tracks led from the appellant's house to a mashed place in the fence. Fifteen steps beyond this mashed place in the fence in a wooded area, the deputies found a complete drum type still. The still was 'charged' with 'mash' or 'beer,' and near the still they found a barrel half full of 'beer' or 'mash.' Also near the still the deputies found a crocker sack and several clear glass jugs. A similar sack and jugs, (but filled with syrup) were found on the porch of appellant's house. The location of the still was about a quarter of a mile from appellant's house. A pint of moonshine whiskey was found on the negro man when he was searched."

The Court of Appeals ruled the evidence sufficient to take the case to the jury, but we are in disagreement with this view and believe such a holding is out of harmony with former decisions and runs counter to the strongest current of opinion of that court, in instances approved by this court.

The following cases considered by that court afford sustentive instances where on the facts the defendant was held to have been entitled to the general affirmative charge:

Cunningham v. State, 25 Ala.App. 28, 140 So. 176: Defendant carried to his barn a five-gallon jug of whiskey from a still not on his premises and attended by another.

Moon v. State, 19 Ala.App. 176, 95 So. 830: Still about three miles from the home of defendant, who was seen coming from the still with a five-gallon demijohn of whiskey, which he carried over the hill

and hid in some bushes, and when he started back in the direction of the still he observed the officers and fled.

Seigler v. State, 19 Ala.App. 135, 95 So. 563: A still discovered by the officers a mile and a half from the defendant's home and not on his land, and while the officers were watching the still the defendant in company with another man came into the vicinity, went into an enclosure near the still and started stirring some beer.

Woodall v. State, 22 Ala.App. 104, 113 So. 85: Defendant in close proximity to, was proceeding in the direction of, the place where the officers had just destroyed a complete still.

Davis v. State, 26 Ala.App. 370, 160 So. 266: Accused was present at a still on premises not his own and carried a rock or some rocks and deposited it or them near the still.

Mitchell v. State, 18 Ala.App. 119, 89 So. 98: Still was found 150 or 200 yards from defendant's home on land not in his possession or control and a path led therefrom toward defendant's house.

Whited v. State, 22 Ala.App. 492, 117 So. 396: Still found 300 yards from defendant's dwelling and a path leading therefrom in direction of his house.

Dickey v. State, 22 Ala.App. 375, 115 So. 848 (manufacturing case): Defendant was present at still not on his premises and caught some whiskey in a bottle, tasted it, and then fled on approach of officers. See Knight v. State, 19 Ala.App. 296, 97 So. 163, of similar holding.

McNeel v. State, 25 Ala.App. 36, 140 So. 185, 187: The defendant, with others, was found at a truck loaded with moonshine whiskey, which was warm and apparently recently run off. The still, which was complete with the exception of the worm, was warm, evincing its recent operation, was remote from any habitation in a wooded area and a road led from the truck to the still. All three defendants were loading the whiskey, which was in cans. In holding the defendant McNeel entitled to the general affirmative charge, the court said:

"* * * there is no evidence tending to connect him [defendant] with the

possession of the still or the manufacture of the whisky. So far as this evidence discloses, [he] was never at the still, did nothing towards the possession manifesting no interest in or control over the still, nor did he do anything to aid or abet in the manufacture of the whisky."

The foregoing cases, we think, suffice to sustain our conclusion that the evidence, noted above, was insufficient to support the conviction. If, as consistently held by the Court of Appeals, the defendant's mere presence at a still in operation, coupled with the stated acts at the scene or other suspicious circumstances, as a well-defined path leading from his house to the still, as enumerated in the cited cases, does not warrant conviction, we are unwilling to concede the sufficiency of the evidence to justify conviction under the circumstances here where the defendant, not even present at a still located on land of another was not proven to have done or said anything in connection with it to afford an inference that he either owned, possessed or aided in the possession of it. We do not regard the crocus sack, empty jars, several sets of men's tracks across his field, and the defendant proceeding from the direction of the still to be sufficient to this end in the light of previous holdings.

 Using the analogy in the Moon case, supra, if it were a violation of the law to be in possession of a gristmill, it could hardly afford an inference that the defendant owned, possessed or aided in the possession of such mill where the only evidence was that of men's tracks leading from his house across an adjoining field in the direction of the mill, the defendant proceeding from the direction of the mill, and the finding of a crocus sack and some empty jars at his home similar to the ones found at the millsite. As observed in the Moon case [19 Ala.App. 176, 95 So. 831]: "The state is seeking to send a man to the penitentiary for a felony, and to do so the state cannot rely on surmises or suspicion, and the jury must not convict except upon evidence from which they can say beyond a reasonable doubt the defendant is guilty as charged."

We think the safer view is to rule the evidence as insufficient to support the conviction.

So considered, the judgment of the Court of Appeals must be reversed and the case remanded to that court for further action.

Reversed and remanded.

All the Justices concur.