115 So.2d 269

Lester Bemay DIXON

v.

STATE of Alabama.

8 Div. 934.

Supreme Court of Alabama.

June 12, 1958.

Rehearing Denied Sept. 25, 1958.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the petition.

Scruggs & Scruggs, Guntersville, opposed.

MERRILL, Justice.

We granted the writ in the instant case because the cases cited in the opinion of the Court of Appeals do not appear to support the conclusion of that court.

Hudson v. State, 249 Ala. 372, 31 So.2d 774, is merely a "trail case," with facts dissimilar to the facts here. Moreover, that is a possession case and could not be authority for the absence of proof of the corpus delicti insofar as the distilling count is concerned.

Milam v. State, 24 Ala.App. 403, 136 So. 831, admittedly must be distinguished in order to keep it from being in conflict with the opinion of the Court of Appeals.

Tennessee Coal, Iron & R. Co. v. Martin, 33 Ala.App. 502, 36 So.2d 535, is concerned with the construction of the word "establishment" in our Unemployment Compensation Act, Code 1940, Tit. 26, § 180 et seq. That case is not in point.

In Bolin v. State, 266 Ala. 256, 96 So.2d 582[9], 588, the majority opinion distinguishes that case from cases dealing with the "making, possession and transportation, etc., of illegal liquors or beverages."

It is obvious that the cases cited in the opinion of the Court of Appeals are not apt authority.

██ The correct rule in possession cases is stated in Rikard v. State, 31 Ala.App. 374, 18 So.2d 435, certiorari denied 245 Ala. 677, 18 So.2d 436:

> "* * * 'We have said, and it is the law, that the mere presence at a still, without more, will not warrant a conviction, but any act of the defendant in and about a still which indicates an interest in, or that he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt.' * * *

> "It is, of course, axiomatic, in such cases, that a directed verdict is improper where the evidence raises a substantial inference against innocence. Brown v. State, 30 Ala.App. 5, 200 So. 637, certiorari denied 240 Ala. 648, 200 So. 640; Emerson v. State, 30 Ala.App. 89, 1 So.2d 604, certiorari denied 241 Ala. 141, 1 So.2d 605; 6 Alabama Digest, Criminal Law ⚖︎753(2)."

Elmore v. State, 21 Ala.App. 410, 109 So. 114, states the law as to both distilling and possession in this language:

> "We have held in many cases that the mere presence of a person at a still

was not sufficient to overcome the presumption of innocence which attends a defendant charged with, and who is on trial for, a criminal offense. Biddle v. State, 19 Ala.App. 563, 99 So. 59; Biddle v. State, 20 Ala.App. 49, 100 So. 572. This general statement, while still adhered to, cannot be so extended as to invade the province of the jury in passing upon the guilt or innocence of a defendant, whose acts or conduct raises other presumptions tending to connect him with the manufacture of whiskey or the possession of a still. Wherever a defendant is shown to be present at a still, any fact or circumstance, however slight, tending to show participation either as a principal or as aider or abettor may authorize the jury to find a verdict of guilt which will not be disturbed on appeal. In this case there was evidence from which the jury could conclude that the defendant was a principal, and the general charge was properly refused.

"There was evidence justifying a conviction under either count of the indictment, and hence the general charge as to either count was properly refused."

 The still was in operation at the time of defendant's arrest, and all the facts were sufficient to raise an inference that petitioner was engaged in, or aiding and abetting in, the distilling operation. We think the evidence outlined in the opinion of the Court of Appeals is sufficient to make a jury question under either count of the indictment.

The judgment of the Court of Appeals is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.