213 So.2d 412

Samuel Warren DEAS

v.

STATE.

1 Div. 302.

Court of Appeals of Alabama.

June 28, 1968.

Ralph Kennamer, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charges (1) the manufacture of prohibited liquors; and (2) the possession of a still, etc. The verdict of the jury was guilty as charged in the indictment.

The evidence was that two officers, Mr. Tarlton and Mr. Shaw, went to a house located in Clarke County, Alabama, which contained a whiskey still. Mr. Shaw observed a Negro man, Miller House, tending a fire under the still, but saw no one else in the house. Mr. Shaw then moved back through the woods, circling a "good sized" swamp and briar patch, to meet a pickup car and tell them to come back later. Two or three hundred yards from the house he saw a pickup truck driven by a white man traveling down a road from which the driveway to the house turned. Mr. Shaw did not know the driver of the truck. The truck went out of Mr. Shaw's sight before reaching the turnoff to the house. He heard the motor cut off and it was not cranked again. A short time later he heard pistol shots from the direction of the house, a prearranged signal from Mr. Tarlton. Mr. Shaw reached the house in about ten minutes. He saw Officer Tarlton, Miller House and the defendant, and recognized him as the man he saw driving the pickup truck. The defendant and House were standing under shade trees thirty to forty feet from the house. The truck was backed up to the front door.

In the truck bed there was a chain saw, a ladder and a carton with four one-gallon glass jugs containing moonshine whiskey. Mr. Shaw never saw the defendant closer than thirty to forty feet to the house. Mr. Tarlton was dead at the time of trial. There was no evidence tending to show that the still was on land belonging to or under the control of the defendant.

 It is well settled that the mere presence of a defendant at a still is insufficient to convict him of either manufacturing whiskey or possessing the still. Hill v. State, 22 Ala.App. 422, 116 So. 411; McNeel v. State, 25 Ala.App. 36, 140 So. 185; "Even the added fact that a defendant carried some of the manufactured whiskey away from the still will not suffice. Moon v. State, 19 Ala.App. 176, 95 So. 830." McNeel v. State, supra. See also Cunningham v. State, 25 Ala.App. 28, 140 So. 176. It was error to refuse to grant defendant's motion to exclude the evidence.

The judgment is reversed and the cause remanded.

Reversed and remanded.

JOHNSON, J., not sitting.