288 So.2d 161

Peter GARSED

v.

STATE.

1 Div. 415.

Court of Criminal Appeals of Alabama.

Dec. 11, 1973.

Thomas M. Haas, Mobile, for appellant.

———◇———

William J. Baxley, Atty. Gen., and David Lee Weathers, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Possession of marihuana—not for personal use: sentence, two years.

I

A policeman of the City of Fairhope, in company with two deputies, stopped appellant who was riding a motorcycle. Searching under the seat they found a substance which on analysis proved to be marihuana. The officers had no warrant.

Garsed was stopped on a "little two trail road that led up in the woods" just off the four lane highway (U.S. 98) between Daphne and Fairhope. *Where this two trail road ran to, if anywhere, is not shown on this record.* The road took off from the four lane highway across a ditch and went into the woods. Up this two trail road "close to a half mile" from the four lane road was a marihuana patch. It was not visible from the highway.

One witness described the patch as consisting of 30 "hills," some in an area thirty feet square and the rest in a "30 or 40 foot area." The plants ranged from eighteen to thirty inches in height.

The officers stopped Garsed when he "was oh about 50 yards off the highway on his motorcycle coming out of the edge of the road" down the trail that led to the marihuana. Garsed was coming out of the woods towards the four lane highway.

Witness Jones, the Fairhope policeman, had beforehand observed the marihuana spread at least twice. He and the two deputy sheriffs staked themselves out about one hundred yards from the patch. They

could not see the patch for the woods. They did not, therefore, ever see Garsed at the growing marihuana.

■ At this point they stopped Garsed and found "a big [sic—bag?] of freshly pulled Marijuana [sic] * * * partially under the seat of the motorcycle."[1] R. 14. It was around 7:00 or 7:30 P.M.—"just beginning to get dark." The date was August 30, 1972.

Nelson E. Grubbs, Associate State Toxicologist, analyzed the substance as the statutory contraband cannabis sativa, weighing 58.9 grams enough to make as many as 580 cigarettes.

There was no proof of the ownership or use of the land, nor as to whether the road was public or private, improved or mere dirt. We do think that it is inferable from the reference to two tracks that the road had been travelled by four wheel vehicles.

## II

The lastest of the progeny of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, from our upper tribunal is McKessick v. State, 291 Ala. 564, 284 So. 2d 516. Therein all justices considered that probable cause is still a constitutional requirement for a warrantless search of an automobile. See Daniels v. State, 290 Ala. 316, 276 So.2d 441 (example 5).

■ Was this two trail road a thoroughfare or a cul de sac? We are left uninformed. If this road led to farm houses or a turpentine operation, then we cannot view the location of the marihuana patch beside the road as a justification under the exigent circumstance *exception* to stop all passersby going past the patch. Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 definitely requires

probable cause to pre-exist to search a car without a warrant.

■ We say "pre-exist" advisedly because in all the shifting sands of search and seizure there is certainly one firm principle: that hindsight alone will not supply the lack of probable cause at the time the search begins. An arrest otherwise unwarranted is not justified by what the subsequent search brings to light. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134.

■ Conversely, an officer who acts with probable cause is protected though it may eventuate that the citizen is not guilty. Stacey v. Emery, 97 U.S. 642, 24 L.Ed 1035. Carroll v. United States, 267 U.S. 132 at 155–156, 45 S.Ct. 280, 69 L.Ed. 543.

In Radke v. State, Ala.App., So.2d (1973) we noted that prosecutions involving narcotic and hallucinogenic substances involve the same principles found under the prohibited liquor laws.

We consider Hudson v. State, 249 Ala. 372, 31 So.2d 774 as the leading case in Alabama in rejecting the "beaten path" doctrine as proof of possession of a still. The salient facts were:

"* * * two deputy sheriffs went to appellant's home in Houston County and found appellant in a field adjoining his house. Appellant and a negro man were first seen in the field near a fence as they were proceeding toward the house. Several sets of men's tracks led from the appellant's house to a mashed place in the fence. Fifteen steps beyond this mashed place in the fence in a wooded area, the deputies found a complete drum type still. The still was 'charged' with

---

1. On cross examination State's witness Stewart testified in part (R. 17):

"Q. Mr. Stewart, you say that you found it where?

"A. Under the seat of the Motorcycle.

"Q. In a bag?

"A. Yes sir, in a plastic bag wrapped in a white cloth."

No evidence disputed this description of how the marihuana was wrapped. The "plain view" doctrine is not presented.

'mash' or 'beer,' and near the still they found a barrel half full of 'beer' or 'mash.' Also near the still the deputies found a crocker sack and several clear glass jugs. A similar sack and jugs, (but filled with syrup) were found on the porch of appellant's house. The location of the still was about a quarter of a mile from appellant's house. A pint of moonshine whiskey was found on the negro man when he was searched."

The opinion cites Cunningham v. State, 25 Ala.App. 28, 140 So. 176; Moon v. State, 19 Ala.App. 176, 95 So. 830; Seigler v. State, 19 Ala.App. 135, 95 So. 563; Woodall v. State, 22 Ala.App. 104, 113 So. 85; Davis v. State, 26 Ala.App. 370, 160 So. 266; Mitchell v. State, 18 Ala.App. 119, 89 So. 98; Whited v. State, 22 Ala. App. 492, 117 So. 396; Dickey v. State, 22 Ala.App. 375, 115 So. 848; and McNeel v. State, 25 Ala.App. 36, 140 So. 185.

Paraphrasing from *McNeel,* supra, we observe there is no evidence tending to connect Garsed with growing of the marihuana. *Before the search,* so far as this evidence discloses, he was never at the patch, did nothing toward possession manifesting any interest in or control over the plants. Dixon v. State, 269 Ala. 593, 115 So.2d 269 is readily distinguishable both because of the facts and because no search and seizure question was presented.

■ Furthermore, had these three officers seen Garsed at the patch, absent some act of his showing dominion or control, his mere presence would not have supported a conviction of possession. See Deas v. State, 44 Ala.App. 472, 213 So.2d 412.

■ Drivers of motor vehicles on public roads may be stopped to check their licenses for driving. Such stopping, however, is not a detention at least until the lack of a license is apparent. Here we do not have any evidence of a traffic arrest.

We quote from Davis v. Mississippi, 394 U.S. 721 at 726–727, 89 S.Ct. 1394 at 1397, 22 L.Ed.2d 676.

"* * * Investigatory seizures would subject unlimited numbers of innocent persons to the harassment and ignominy incident to involuntary detention. Nothing is more clear than that the Fourth Amendment was meant to prevent wholesale intrusions upon the personal security of our citizenry, whether these intrusions be termed "arrests" or "investigatory detentions." We made this explicit only last Term in Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 * * * when we rejected "the notions that the Fourth Amendment does not come into play at all as a limitation upon police conduct if the officers stop short of something called a 'technical arrest' or a 'full-blown search.' "

■ Because of the lack of probable cause to stop Garsed the search and seizure was invalid. The rule of exclusion laid down in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 should have been applied as requested by defense counsel in the trial court. We have reversible error.

### III

In view of another possible trial we take up appellant's claim that he was in prior jeopardy. He bases this point on the overruling of his pleas of double jeopardy.

This plea was denied without the State demurring or taking issue. The pertinent grounds were:

"2. That after Defendant was originally arrested, and before Defendant was indicted, the Defendant was brought before a magistrate and entered a plea of not guilty to the allegations set out in the affidavit before the magistrate.

"3. That the allegations set out in the affidavit before the magistrate to which the Defendant entered a plea of not guilty charged a misdemeanor.

"4. That subsequent to Defendant's entering a plea of not guilty before the Magistrate, Defendant was bond [sic] over to the Grand Jury of Baldwin County, Alabama.

"5. That the action by the magistrate binding the Defendant to the Grand Jury on a misdemeanor charge amounted to an acquittal of the Defendant for the acts charged in the indictment, herein."

A second plea was filed which averred:

"That the Defendant has once been in jeopardy for the offense of which he is now charged in this indictment; and that at the April Session of the Baldwin County Court, to-wit; on the 16th day of April, 1973, the Defendant was in due form arraigned and pleaded not guilty to the said offense charged, which was in substance as follows: to-wit: did unlawfully possess, (by T. M. H), marihuana, one of the controlled substances enumerated in Section 204 (schedule 1) (d) as set out in the Uniform Alabama Controlled Substances Act, and that the Defendant was put upon trial for such offense, and after he had plead to the same and was thus put in jeopardy, that the Baldwin County Court bound Defendant to the Grand Jury when it, in fact, had jurisdiction to enter a final judgment of conviction or acquittal in said cause. All of which the Defendant is ready to verify, and he prays judgment of this Court that he be discharged from the premises in the present indictment specified."

■ The time alleged in this second plea is patently not relevant to this case because the indictment of instant concern was filed October 10, 1972 and being for a felony was triable only in the circuit court.

■ As to the first plea it was deficient on its face because it failed to allege facts showing that Garsed was ever in jeopardy before the "magistrate." At a preliminary hearing it is improper to ask the prisoner how he pleads unless he demands a trial within the jurisdiction of the particular court and the prosecution elects to have him arraigned on a misdemeanor complaint.

Certainly no substantial right of appellant was injured by the denial of the plea. See Racine v. State, 291 Ala. 684, 286 So. 2d 896 (1973).

IV

■ Appellant further contends that it was error for him to be sentenced for the felony of possessing marihuana not for his own use.

In Powers v. State, 49 Ala.App. 690, 275 So.2d 369 we forewent deciding whether the "personal use" provision of the Controlled Substance Act put the burden of proof on the State or gave the defendant an opportunity to establish as defensive matter that the substance was not for other persons.

We still do not need to adjudicate in the thorny thicket of provisos versus exceptions. See the writer's special concurrence in Knox v. State, 50 Ala.App. 494, 280 So. 2d 200. First, the State undertook to prove that the marihuana was not for personal use. This, because the indictment so alleged. The proof thereon resides in witness Grubb's testimony, received without objection, as to how many cigarettes could be made from the slightly less than two ounces of marihuana.

Secondly, Garsed, who had been previously convicted in Mobile County for a marihuana offense, received a two year sentence in this case. Had he been found guilty of possession for his personal use only, he nevertheless could have legally been so sentenced under the subsequent offender provision of § 407 of the Alabama Controlled Substances Act of September 16, 1971 ('71 Acts p. 2378).

V

On page two of the record we find the following entry:

"ARRAIGNMENT

"10/24/72; Defendant arraigned on the indictment in this cause and pleads not guilty to the offense charged therein."

 This lack of counsel is error. See Knight v. State, 42 Ala.App. 672, 178 So.2d 101; Sashner v. State, 46 Ala.App. 407, 243 So.2d 390 and also Perkins v. State, 281 Ala. 139, 199 So.2d 839.

The judgment below is reversed and the cause is thereto remanded for trial de novo.

Reversed and remanded.

All the Judges concur except DeCARLO, J., who dissents.