TYSON, Presiding Judge.
The City of Andalusia’s complaint charged the appellant with the unlawful possession of “Marijuana, a controlled substance as enumerated in Chapter 9E of Title 22, Code of Alabama 1940, recompiled 1958, as last amended,” contrary to and in violation of the ordinances of the said city.
Following a jury trial, the appellant was found guilty of possession for personal use, and a fine of $100.00 assessed. In addition, the trial court imposed six months’ imprisonment in the City Jail.
Officers George Gantt and Roy Sylvester testified that they were employed as enforcement agents of the State of Alabama ABC Board, and had been assigned to work in Covington County. Each testified that at about 6:30 on the evening of November 6,1975, they began to follow a 1966 Chevrolet Chevelle traveling south toward the Johnson Park baseball field in the City of Andalusia. As the officers pulled close behind the vehicle, they noticed that the tag was wired to the vehicle, and upon suspicion directed the vehicle to pull over to the curb. Each officer testified that they were checking to see if this was a stolen car. Each officer stated that the appellant was seated on the rear seat alone, “a little more toward the driver’s side in the middle of the seat.”
Also, accompanying Officers Gantt and Sylvester was Troy Woodall, their ABC Board supervisor. They stated that Officer Woodall went to the driver’s side and asked for the driver’s identification, that Officer Gantt walked to the passenger’s side, and as he did so, he saw a clear plastic bag, called a sandwich bag, lying on the pavement about “four to six inches from the car, right down beside it.” Officer Gantt stated that it had been raining, but had stopped, and that the plastic bag was dry when he picked it up. The three officers then directed the occupants of the vehicle to get out, and they searched the vehicle after detecting a strong odor of Marihuana. Supervisor Woodall found four or five Marihuana roaches or butts in the front ash tray. None were found in the rear of the vehicle, nor was any Marihuana found on the back seat where the appellant had been seated.
Each of the officers stated that the front windows of the two-door coupe were down when they approached the car, but they saw no movement of anyone’s hands as they approached the vehicle. Each officer stated that they were familiar with the smell of Marihuana, and they detected this odor about the vehicle. The officers also stated that they took the packet of Marihuana to Richard Dale Carter of the State Department of Toxicology for examination.
Mr. Richard Dale Carter stated that he examined the packet that he received from the officers and made a microscopic examination of the vegetable matter and then ran a chemical test known as the “Duqunois-Le-vine test.” He stated the results of these tests were positive for the substance to be Marihuana, that he found the active ingredient tetrahydrocannabinols present.
At the conclusion of the City’s evidence, the appellant made both a motion to exclude and a motion for directed verdict, which were overruled.
Don G. Raley testified that he was visiting his parents in Andalusia on Dunson Street, that he had been working in Atlanta on a construction job for about a year before his visit home. He stated that the Parks brothers, Charles and John David, had come by and picked him up late that afternoon and asked him to ride with them over to the baseball park at Johnson Field. He stated that the Parks brothers told him they had bought the automobile in Montgomery, that it had a Montgomery County tag, but that he had not been in the vehicle prior to that evening. He stated that he did not have any Marihuana or any other prohibited substance, that he did not use it, but that he did detect a strange odor in the vehicle as they were riding over to the ball park. He stated that the two brothers asked him to go to Florala with them, and that he told them, “No,” that he wanted to go see Dean Lawson, a friend who lived *755 across the street from the ball park, and since he, himself, had no automobile, they offered to give him a ride there. He stated the officers pulled the vehicle over, and that he got out of the vehicle on the driver’s side. He stated that no Marihuana was smoked in his presence that evening, that he had none, and that he did not smoke it.
I
The sole issue presented for our review is whether or not there was here established sufficient evidence on the part of the City to sustain the conviction.
We have carefully examined the testimony as set forth in the record and find that the City of Andalusia totally failed to establish any dominion or control of the prohibited substance which could be attributed to the appellant, himself. Clearly there was no actual manucaption, so the City’s entire case is based upon “constructive possession.” Here, the appellant did not own the vehicle in question and was a mere passenger. There is a total failure of proof that the appellant knew of the presence of the prohibited substance in the vehicle.
Under Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520; Parks v. State, 46 Ala.App. 722, 248 So.2d 761; DeGruy v. State, 56 Ala.App. 521, 323 So.2d 406, cert. denied Ala., 323 So.2d 411, this case is due to be reversed and remanded.
In Radke v. State, 52 Ala.App. 397, 293 So.2d 312, affirmed 292 Ala. 290, 293 So.2d 314, this Court set out three attributes of possession: (1) actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control. See Garsed v. State, 51 Ala. App. 622, 288 So.2d 161; 28 C.J.S. Supp. Drugs and Narcotics, §§ 157-159.
Under the authorities cited, this case is
REVERSED AND REMANDED.
All the Judges concur.