**Norman Dennis MARTIN,
Petitioner-Appellee,**

v.

**STATE OF ALABAMA and Circuit
Court of Russell County,
Respondents-Appellants.**

No. 83–7215.

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

Charles Graddick, Atty. Gen., Patricia E. Guthrie, James B. Prude, Asst. Attys. Gen., Montgomery, Ala., for respondents-appellants.

Robert Segall, Lee H. Copeland, Montgomery, Ala., for petitioner-appellee.

Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.

JOHNSON, Circuit Judge:

This appeal presents a single issue: was the evidence produced at petitioner Martin's trial sufficient to support his conviction for the sale of marijuana in violation of Alabama law? Holding that it was, we reverse the district court's grant of habeas corpus relief.

Petitioner was indicted under the Alabama Uniform Controlled Substances Act, Ala.Code § 20-2-1 *et seq.* (1975), for the sale of marijuana. At petitioner's trial by jury in the Circuit Court of Russell County, Alabama, the principal witness for the State was an officer of the Russell County sheriff's department, Officer Exline. Exline testified that in May of 1979 he was placed on special assignment by the sheriff's department to work undercover with a confidential informant in attempting to buy drugs on the street. In the course of this undercover operation, Exline drove the informant in a van to petitioner's home on May 29, 1979. Exline testified that the purpose of this visit was to attempt to buy marijuana, and that he and the informant had been to petitioner's home before on one occasion for the purpose of buying marijuana. Exline testified that they arrived at petitioner's home at approximately 7:36 p.m., that he parked the van on the street in front of petitioner's home, and that while he remained in the van the informant got out of the van and walked a short distance into petitioner's front yard where the petitioner was washing a car. Exline stated that the informant and petitioner had a brief conversation which he could not hear, although he could clearly view both the informant and petitioner from his vantage point in the van. After this conversation, the informant returned to the van and asked Exline for twenty dollars. After getting the money from Exline, the informant returned to petitioner's front yard. Petitioner was still washing the car, and Exline observed the petitioner turn towards the informant, who placed the twenty dollar bill in petitioner's front pants pocket. Petitioner continued washing the car, and the informant returned to the van. Exline and the informant then drove away from petitioner's home.

Exline testified that approximately twenty-five minutes later they returned to petitioner's home. Again, Exline remained in the van. Exline testified that he observed petitioner step out of the front door of the house and motion the informant to come inside. Exline glanced at his watch and noted the time the informant entered the house as 8:00 p.m. on a cigarette pack that was admitted into evidence at petitioner's trial. The informant emerged from the house at 8:01 p.m., a time duly noted by Exline on the cigarette pack. Exline testified that when the informant returned to the van he gave Exline a plastic bag containing a substance later identified as marijuana. Additionally, Exline testified that he searched both the informant and the van for drugs or money before and after the

trips to petitioner's home and that neither was discovered.

At petitioner's trial, the State did not call the informant to testify, although his name was revealed to the jury,[1] or explain his absence. No evidence was introduced by the State to establish that the informant and the petitioner were the only people in the house at the time the informant received the marijuana.

Petitioner was convicted by the jury as charged in the indictment and sentenced to eight years' imprisonment. On appeal, the Alabama Court of Criminal Appeals affirmed both his conviction and sentence, and the Alabama Supreme Court denied his petition for writ of certiorari.

Proceeding pro se, petitioner filed the present action in the United States District Court for the Middle District of Alabama as a request for relief under 42 U.S.C.A. § 1983, claiming that he was deprived of his rights under the Sixth Amendment to confront the witnesses against him and to have compulsory process for obtaining witnesses in his favor and that he was deprived of his right under the Fourteenth Amendment not to be deprived of liberty without due process of law. The magistrate construed the complaint as a petition for habeas corpus relief pursuant to 28 U.S.C.A. § 2254, and considered petitioner's general allegation of a denial of due process as containing a specific allegation that there was insufficient evidence offered at his trial to support his conviction. Finding that absent testimony from the confidential informant there was no evidence introduced at petitioner's trial to prove that petitioner sold the marijuana, the magistrate recommended that the writ be granted subject to the State's right to retry the petitioner.[2] The district court accepted the magistrate's report and recommendation that the writ be granted, but held that due to double jeopardy considerations petitioner could not be retried and hence ordered his release from prison. The State appeals, claiming that the magistrate and the district court applied an erroneous standard of review to the sufficiency of the evidence to support petitioner's conviction, that the evidence was sufficient to support petitioner's conviction for the sale of marijuana, and that the actual transfer of the marijuana from the petitioner to the informant could be proved by circumstantial evidence as well as the direct evidence of the testimony of the informant.

The State's first contention that the magistrate and the district court failed to apply the appropriate standard of review to petitioner's federal habeas challenge to the sufficiency of the evidence to support his conviction merits little discussion: both the magistrate's report and recommenda-

1. The state trial court initially ruled that the identity of the confidential informant was privileged. This ruling remained in force until after the State rested its case. After a recess, the court reversed this ruling, determining that the identity of the informant was not privileged, and permitted the petitioner to question Exline as to the identity and background of the confidential informant, Mike Wash.

2. The magistrate held that petitioner's Sixth Amendment claims were not presented to the state courts and thus could not be considered by the federal habeas court. In this appeal neither party contests this ruling. We note, however, that the record reflects that petitioner had subpoenaed the informant, Mike Wash, to appear at his trial. The record is unclear as to whether this subpoena was ever served on Mike Wash. The record is clear, however, that no request for an attachment or an arrest warrant was made by petitioner on the nonappearance of Mike

Wash at trial. Although this evidence tends to show that the informant was accessible to both the petitioner and the State, the State's control over "[a] witness possessing peculiar knowledge of the transaction," *United States Steel Co. v. Butler*, 260 Ala. 190, 69 So.2d 685, 690 (1954) (per curiam on rehearing), whose testimony would probably be favorable to the State and the State's failure to produce such a witness without explanation is "ground for suspicion," *id.*, that the informant's testimony would be unfavorable to the State under Alabama law. In this case, however, we do not decide whether this "ground for suspicion" that the informant's testimony would be unfavorable to the State is a rebuttable presumption under Alabama law, or whether on federal habeas review such a presumption would be entertained, because we hold that under both the Fourteenth Amendment and Alabama law the State's failure to produce the confidential informant was not fatal to the State's case.

tion and the district court's opinion are clear that the governing standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), was followed. Under *Jackson*, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789 (emphasis in original). This standard for weighing the constitutional sufficiency of the evidence is a limited one. It is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326, 99 S.Ct. at 2792. Faced with a record of historical facts that supports conflicting inferences, we must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution. *Id.* Thus, "[t]he simple fact that the evidence gives some support to the defendant does not demand acquittal." *Cosby v. Jones*, 682 F.2d 1373, 1383 n. 21 (11th Cir.1982). Only if the evidence "[g]ives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, [would] a reasonable jury ... necessarily entertain a reasonable doubt," *id.* at 1383, and the evidence be found constitutionally insufficient to support the conviction. Thus, if any rational jury could have found the essential elements of a sale of marijuana beyond a reasonable doubt in the present case, we must affirm petitioner's conviction.

Second, the State claims that in finding that the fact that the informant disappeared into petitioner's home and reappeared with the marijuana did not tend to prove that petitioner sold the marijuana, and in granting the writ on the ground that without the testimony of the informant it was mere speculation as to whether petitioner sold the controlled substance as charged in the indictment, the magistrate ignored the evidence presented by the State of a critical link between petitioner and the sale of the marijuana. Thus, the State first contends that the magistrate erred in implicitly requiring that the actual transfer of the marijuana to the informant by the petitioner be proved by direct evidence, the testimony of the informant, as an essential element of proof of the sale of marijuana. Second, the State contends that the magistrate erred in disregarding the circumstantial evidence linking petitioner to the actual transfer. In assessing these contentions we must under *Jackson* examine the essential elements of the crime of a sale of marijuana under Alabama law.

The Alabama Uniform Controlled Substances Act, Ala.Code § 20–2–70 (1975), prohibits "sale" of a "controlled substance." In this case it is undisputed that the State proved that the substance received by the informant was a controlled substance within the ambit of the Act, marijuana. The prime issue in this case involves the precise meaning of the term "sale" as used in the statute. Although not defined in the Act, the Alabama courts have given two distinct meanings to the term "sale" in the statute. First and naturally, a "sale" of a controlled substance includes a direct purchase of the substance from the defendant by the buyer. Second, the Alabama courts have recognized that "[a] person may be guilty of selling a controlled substance where he is a go-between, agent for the seller, or agent for the buyer." *Hill v. State*, 348 So.2d 848, 850 (Ala. Cr.App.), *cert. denied*, 348 So.2d 857 (Ala. 1977), *quoting* 28 C.J.S. Supp. *Drugs and Narcotics* § 173. In this sense of the term "sale" a person is guilty of selling a controlled substance if his or her conduct affords a reasonable inference that he or she participated in some way with the actual seller in making the sale. *Snider v. State*, 406 So.2d 1008, 1012 (Ala.Cr.App.), *cert. denied*, 406 So.2d 1015 (Ala.1981); *Hill v. State, supra*, at 855. Under this definition of "sale," the participation of the defendant in, or his or her criminal linkage with, the sale is the basis of criminal liability, and not the actual act of the defendant in physically transferring the controlled substance to the buyer. In this case, we hold that the evidence presented by the State was clearly sufficient under both of these

definitions of "sale" in the Alabama Act to support petitioner's conviction for the sale of marijuana.

First, we hold that the direct evidence of the testimony of an eyewitness to the transaction, Officer Exline, was sufficient to support petitioner's conviction for selling the marijuana in the sense of aiding, facilitating, participating, or acting as a go-between for the informant buyer, in the sale of the marijuana. Exline testified that he observed the informant approach the petitioner while he was washing his car, and that they engaged in a brief conversation, after which the informant returned to the van and received twenty dollars with which to purchase marijuana. Exline testified that he then observed the informant approach petitioner, who was still washing his car, and that petitioner turned towards the informant and accepted the twenty dollar bill placed in his front pants pocket. This voluntary action of the petitioner in accepting the twenty dollar bill strongly suggests that the sale of marijuana was complete at this point in time, with the subsequent visit merely a delivery of the merchandise. Upon their return to petitioner's home, Exline testified that the petitioner motioned to the informant to come inside the house, and that precisely one minute later the informant emerged from the house with a plastic bag containing marijuana. These actions of the petitioner in accepting the money and signaling the informant into the house constitute conduct affording a reasonable inference that he participated in the sale of the marijuana, regardless of whether he actually transferred the marijuana to the informant himself. Thus, the magistrate erred in granting the writ on the ground that evidence was insufficient to support petitioner's conviction for sale of marijuana, and the testimony of the informant concerning whether the petitioner actually transferred the marijuana was not necessary to prove a sale in this sense of the term "sale" as used in the Alabama Act.

Second, we hold that the evidence in this case was also sufficient to prove that a sale of marijuana occurred by the actual transfer of the marijuana to the informant by the petitioner. As the confidential informant present during the transfer did not testify at petitioner's trial, any evidence of such a transfer was circumstantial and based on Exline's testimony concerning the events prior to and after the informant obtained the marijuana. It is clear that the *Jackson* standard of review is "[e]qually applicable to direct or circumstantial evidence." *United States v. Wuagneux*, 683 F.2d 1343, 1358 (11th Cir.1982). Although *Jackson* requires that state law determine the essential elements of the crime at issue, the nature of the evidence to support such a conviction is governed by federal constitutional principles on federal habeas challenge. In this case, the magistrate and the district judge erred in not considering the circumstantial evidence presented by the State that the petitioner actually transferred the marijuana to the informant and in effect requiring that such a transfer could only be proved by the direct testimony of the informant.

This holding is further supported by Alabama law, which parallels *Jackson* in this respect. Specifically, Alabama law is clear that the State's failure to produce a confidential informant to testify to the sale of a controlled substance is not a fatal flaw in the State's case because such a sale may be established by circumstantial evidence. In *Hall v. State*, 377 So.2d 1123 (Ala.Cr. App.), *cert. denied*, 377 So.2d 1128 (Ala. 1979), a fact situation closely analogous to the present case was considered by the Alabama court. In *Hall*, as in the present case:

> The defendant alleges that there was a fatal gap in the sufficiency of the evidence to support his conviction [for the sale of cocaine] because the alleged sale was made to an informant who did not testify and was made out of the presence of any law enforcement officer. The defendant contends that, in the absence of direct proof that the informer received the cocaine from the defendant, the possibility arises that he might have received it from some unidentified person,

or that the cocaine was his, cached in the residence for such an opportunity. *Id.* at 1125.

The court, quoting *People v. Ollado*, 246 Cal.App.2d 608, 55 Cal.Rptr. 122, 123–24 (1966), distinguished cases in which the sole evidence of a sale of drugs presented by the State was that the informant was given money with which to purchase drugs, was seen to contact the defendant and afterwards returned with the drugs, and no evidence was presented that the informant did not have the drugs or money on his person when he left the police officer or when he returned, or that the defendant delivered anything to the informant, and held that:

> The fact that no witness saw the exchange of money or narcotics between the informant and the defendant is not fatal to the prosecution if the identification of the defendant as the supplier of the narcotics may be established by other evidence which reasonably and logically tends to prove that fact. 377 So.2d at 1125.

We discern no constitutional problems with this rule of Alabama law, *cf. Duncan v. Stynchcombe*, 704 F.2d 1213, 1215 (11th Cir.1983), and in fact find that it parallels the constitutional standard under *Jackson* which requires consideration of both direct and circumstantial evidence in reviewing the sufficiency of the evidence to support a state conviction. We therefore hold that the State's failure to present the testimony of the informant concerning the actual transfer of the marijuana by the petitioner is not fatal to the State's case.

■ We next consider the determinative issue of whether the circumstantial evidence presented by the State was sufficient to support an inference that the petitioner actually transferred the marijuana to the informant. Petitioner claims that the sole evidence of such a transfer was the mere fact that the informant entered petitioner's home and returned a short time later with the marijuana and this evidence would support an inference that the informant brought the marijuana with him or had

previously cached it at petitioner's home, or that others in the house sold the marijuana. Petitioner relies on *Ex Parte Donley*, 429 So.2d 618 (Ala.1983), in which defendant's conviction for making harassing telephone calls was overturned because "[n]o testimony or other evidence even placed defendant at his apartment when the calls were made." *Id.* at 619. Of course, in the present case it is undisputed that the direct evidence of Exline's testimony reflects that petitioner was present at his home when the transfer occurred. Petitioner's myopic characterization of the evidence overlooks Exline's testimony concerning the events prior to and after the sale of the marijuana, which is direct evidence reasonably and logically tending to prove that petitioner himself or through another person transferred the marijuana to the informant.

Exline testified that he searched the informant and the van for money and drugs both before and after their visit to petitioner's home, thus negating any inference that the informant brought the marijuana with him. Further, Exline's testimony concerning the active participation of the petitioner in the sale of the marijuana—including accepting the twenty dollar bill and motioning the informant into his home—combined with the brief period of time elapsing between the informant's entry and exit from petitioner's home, precisely one minute, negates any inference that the informant cached the marijuana at petitioner's home on a previous visit, or that an unaccounted for third party unknown to the petitioner transferred the marijuana to the informant. *In light of this evidence*, especially petitioner's active involvement in the sale, the fact that the informant entered petitioner's home and returned with marijuana clearly supports an inference that the petitioner transferred the marijuana to the informant.

Again, *Hall v. State*, although not controlling, is persuasive in assessing the strength of the evidence in this case. In *Hall*, the evidence of defendant's involvement in the sale of cocaine was presented through the testimony of Agent Williams, who was not present in the rear portion of

defendant's house during the sale of the cocaine and did not see any money pass between the informant and the defendant. Agent Williams testified that he searched the informant prior to entering the defendant's home. Agent Williams testified that he did not know if there were other people in the house during the transaction. Agent Williams was present during a conversation between the defendant and the informant concerning the sale of large quantities of marijuana, and was also present when the cocaine was transferred from the defendant to the informant. The similarity between *Hall* and the present case is apparent: both Agent Williams and Officer Exline observed one portion of the transaction, respectively, the transfer of the cocaine and the transfer of the money, and not the other, the transfer of the money and the transfer of the marijuana, from which the inference of a sale of drugs was drawn by the jury. In *Hall*, the court held the evidence sufficient to support defendant's conviction under the Alabama standard for the sufficiency of the evidence, "[w]hether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt," 377 So.2d at 1127, *quoting Cumbo v. State*, 368 So.2d 871 (Ala.Cr.App.1978), *cert. denied*, 368 So.2d 871 (Ala.1979), concluding that:

> While the State's case was not the strongest case of circumstantial evidence, we think that it was sufficient to present a question for the jury. To accept the defendant's argument under the instant factual situation would require proof of his guilt beyond any conceivable doubt, whether reasonable or not, and place upon the prosecution the burden of proving circumstances that are absolutely incompatible with his innocence. That is not the test of the sufficiency of circumstantial evidence. 377 So.2d at 1128.

Likewise, we hold that in this case the circumstantial evidence that petitioner transferred the marijuana to the informant is sufficient to exclude any reasonable hypothesis except that of guilt. It necessarily follows that under *Jackson* a reasonable jury could find the essential elements of a sale of marijuana beyond a reasonable doubt in this case.

In conclusion, we hold that the evidence presented by the State was sufficient to establish a sale of marijuana under Alabama law by the petitioner in the sense both that petitioner participated in the sale and that petitioner actually transferred the marijuana to the informant. Thus, we REVERSE the district court's grant of the writ of habeas corpus.

HATCHETT, Circuit Judge, dissenting:

While agreeing with the legal precedent cited by the majority, I dissent. No evidence exists, direct or circumstantial, that the petitioner engaged in a "sale" of marijuana, as defined by the Alabama Uniform Control Substances Act, Alabama Code § 20–2–70 (1975). The state of Alabama proved at trial only that an informant stuffed a $20 bill in petitioner's pocket, left the scene, returned approximately twenty-five minutes later, entered a house where the petitioner was present near the entrance, and left the house with marijuana. It showed no conversation, no action by petitioner, and no account of persons or activities in the house.

It is interesting to note that under Alabama law, on the evidence in this case, the petitioner could not have been convicted of even possession of marijuana. *Garsed v. State*, 51 Ala.App. 622, 288 So.2d 161 (1973). In *Garsed*, the Alabama court held that mere presence at a marijuana patch without some act showing dominion or control would not support a conviction for possession. To prove possession in this case, the state of Alabama would have had to prove beyond a reasonable doubt three essential elements. Those elements are: (1) actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control. *Collins v. State*, 391 So.2d 1078 (Ala.Cr. App.1980). This petitioner was convicted because an informant whose reliability had not been tested and who did not testify,

stuffed $20 in the petitioner's pocket.[1] Although this evidence would not prove possession, the majority affirms the conviction for a sale.

Even more disturbing in this case is the fact that the petitioner, during the state's presentation of evidence, was not allowed to learn the identity of the confidential informant. The magistrate's report best relates the situation at trial:

Unknown to the defendant [at trial] was the fact that one, Mike Wash, was the confidential informant referred to by [Officer Exline]. Mike Wash was never referred to by name by any state witness nor was Mike Wash present in court. Obviously, Mike Wash did not testify in the proceedings. The witnesses for the state never established who was present in the residence of petitioner at the time the alleged sale of marijuana took place.

The state's primary witness, Officer Exline, was cross-examined by defense counsel and was asked: "Were you in the presence or with a Mike Wash on that afternoon?" Mr. Estes [prosecuting attorney]: "Your Honor, we object to that question, it clearly asks the officer to identify an informant which we insist we have a right not to do." The Court: "All right, I will sustain." Repeated efforts by defense counsel to establish the identity of the confidential informant were objected to by the prosecutor, and the objections were sustained by the court. The court's ruling with regard to the right of the state to conceal the identity of the confidential informant *remained in force until after the prosecution rested.* When the prosecution rested its case, petitioner, through his counsel, made a motion to exclude the state's evidence on the ground that the state had failed to make out a prima facie case in that they failed to prove there was any sale of marijuana by the petitioner. The trial court overruled the motion. *After a recess, the trial judge determined that he had erroneously ruled that the defendant would not be entitled to be advised of the identity of the informant.* The court concluded that this was an exception to the informant's privilege. See in this connection *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623 [1 L.Ed.2d 639] (1957). The law is clear that when a so-called confidential informant is an active participant in the offense charged, his identity must be disclosed. The possible defenses available to a defendant and the significance of an informant's testimony are factors which must be considered in determining whether the public interest in protecting the flow of information is overridden by the right of an individual to prepare his defense. *Roviaro v. United States, supra. In the instant case, the only person who has any evidence as to whether this petitioner sold a controlled substance is the so-called confidential informant.* Without the testimony of the confidential informant, it is mere speculation as to whether this petitioner sold a controlled substance as charged in the indictment. [Emphasis added.]

Even though the majority correctly applies the *Jackson v. Virginia* standard of review, it is surprising that this petitioner

---

1. The reliability of this informant is shown by Officer Exline's testimony:

A  I had worked with him two weeks prior to that.
Q  You had worked with Mike Wash?
A  Yes, sir.
Q  In what way did you work with him?
A  In the undercover work.
Q  In undercover work?
A  Yes, sir.
Q  Now, on that occasion, the two weeks prior to this particular incident here, did you know anything about Mike Wash's background?

A  No, sir.
Q  Did you know that he was a convicted felon?
A  No, sir.
Q  Did you know anything about any deals that he might have made with the District Attorney's Office?
A  No, sir.
Q  Had no knowledge of anything with regard to Mike Wash's background?
A  No, sir.

was found guilty under the more stringent Alabama standard. The Alabama standard for sufficiency of evidence is: "It [evidence] is not sufficient to support a conviction if it does not exclude to a moral certainty every other reasonable hypothesis but that of the guilt of the accused." *Graham v. State,* 374 So.2d 929 (Ala.Cr.App. 1979).

All Eleventh Circuit cases holding that evidence of presence at the scene of a crime is not sufficient to convict are weakened by the holding in this case.