**Annie STEINHAUSER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58446.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 21, 1979.

C. E. Clover, Jr., Sealy, for appellant.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for telephone harassment. The penalty was assessed at $101.00.

This cause was originally dismissed for the failure of the trial court to pronounce sentence and enter a written sentence in the record. Articles 42.02 and 40.09(1), V.A. C.C.P. *Steinhauser v. State,* Tex.Cr.App., 1978, 565 S.W.2d 73.

The supplemental record reflects that sentence was pronounced on May 31, 1978, and notice of appeal was properly given. The appeal is reinstated.

Appellant's first four grounds of error challenge the sufficiency of the evidence to sustain the judgment of conviction. Appellant was charged by complaint and information as follows:

. . . ANNIE STEINHAUSER on or about the 15th day of July, 1975 and 18th day of July A.D. 1975, and before the making and filing of this INFORMATION, in the County of Fayette, State of Texas, did then and there unlawfully intentionally place two anonymous telephone calls at an unreasonable hour, in an offensive and repetitive manner, and without legitimate purpose of communication, and by this action did intentionally, knowingly and recklessly annoy and alarm Otto Steinhauser, the recipient.

. . .

The State was obligated to prove that (1) Annie Steinhauser (2) placed two anonymous telephone calls (3) at an unreasonable hour (4) in an offensive and repetitious manner or without legitimate purpose of communication, and (5) by so acting intentionally, knowingly, or recklessly annoyed or alarmed Otto Steinhauser as the recipient.

A review of the record in a light most favorable to the verdict of the jury discloses the following.

Otto Steinhauser, the alleged recipient, testified that beginning in 1965 he received anonymous phone calls at the phone in his home three or four days per week with occasionally weekly or longer interludes. These calls were placed generally between 8 and 9 a. m., occasionally in the afternoon, and only on isolated occasions at night. He testified that this brother, H. H. Steinhauser, the husband of the appellant, had a phone with the number 865–3749. He testified that he was annoyed by these calls but never heard a voice at any time. He testified that he and his brother, the husband of the appellant, had been having trouble since 1957 when he went into business competition with his brother. He testified that in 1975 he authorized the telephone company to take necessary steps to determine the source of these anonymous phone calls. He was informed that when he received the phone call to leave his phone off the hook and contact the phone company in order for them to initiate tracing procedures. He stated that he did this on July 15, 17, and 18, 1975. He also testified that his brother's home was located near railroad tracks in Flatonia. On cross-examination the complainant testified that he used his home as his office for his business purposes and used the same phone for both personal and business uses. He further testified that at least two and maybe three people lived in the home of his brother, H. H. Steinhauser, during July of 1975.

On redirect examination he testified that the calls stopped around early October 1975, at the same time the county attorney advised him that he had informed the appellant and her husband that telephone company traces showed that the anonymous phone calls were emanating from their phone number.

The complainant's wife, Helen Steinhauser, testified that she occasionally answered the phone during the years of the anonymous phone calls, but never heard a voice. She once heard a train whistle in the background, but conceded on cross-examination that the train whistle in Flatonia could be heard anywhere in town. She stated that she also received similar anonymous phone calls while working at Gladys' Cookie Shop near Flatonia. The caller would ask if she were there and when she picked up the phone, it was hung up.

The State called three of the complainant's children who testified that they had on occasion answered the phone when a female voice asked for the mother. They testified that the voice seemed "middle-aged," but they did not know who it was.

Gladys Farek, proprietor of Gladys' Cookie Shop, testified that she had a conversation with the appellant two years prior to her testifying and before she received calls at the shop asking whether Helen Steinhauser was there. She testified:

Q [By County Attorney Beck] Now, you couldn't stand there, of course, and say without any uncertainty at all

that it was Annie's [Steinhauser] voice, could you?

A   No, I have never talked to her on the phone so I couldn't be, I could swear that it was her [*sic*], but I said it sounded like her.

\*   \*   \*   \*   \*   \*

A   I can't swear to it, I just said it sounded like her.

The only statement made by the caller was, "Is Helen there?"

Mr. Hutchens, a retired employee of the Southwestern Bell Telephone Company, testified that the complainant requested a trap in order to determine the source of the anonymous phone calls and that he placed the necessary devices on the phone lines and conducted the tracing. His tracing of the phone calls showed that the source of the calls was a number registered to Mr. H. H. Steinhauser. He stated that the device he was using to make the traces would allow him to hear voices if someone spoke on the phones at the time the trace was being conducted, but he did not hear anyone.

Mr. Jack M. Hartsell, manager for the Southwestern Bell Telephone Company who maintained the records on telephone traps, including those relating to the complainant's phone, testified to the contents of State's Exhibit No. 2. State's Exhibit No. 2 reflected that three calls placed to the complainant's phone originated from telephone number 865–3749 on July 16, 1975, at 8:30 a. m., July 17, 1975, at 8:45 a. m., and July 18, 1975, at 8:30 a. m. Mrs. Helen Steinhauser, the wife of the complainant, was recalled by the State and testified on recross-examination that the family was generally up before 8 a. m. and the nature of their occupations did not require daytime sleep.

■ Appellant made a motion for instructed verdict alleging the evidence to be insufficient to submit the cause to the jury, which motion was overruled. We agree with the appellant's contention that the evidence was insufficient to sustain the jury's verdict. There is absolutely no evidence to show the appellant made the phone calls to the Steinhauser household on the dates alleged. Furthermore, the evidence does not show that the times of these calls could constitute unreasonable hours. Finally, the evidence presented by the State shows that there were people other than the appellant present at the household of H. H. Steinhauser where the originating phone for the anonymous phone calls was registered. The State has failed to connect the appellant with the actual calls allegedly made to Otto Steinhauser on the dates alleged. See and compare *Faulkner v. State*, Tex.Cr.App., 510 S.W.2d 91. As required in the court's charge to the jury:

> In order to warrant a conviction of a crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt; all the facts (that is, the facts necessary to the conclusion) must be consistent with each other and, taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion and producing in effect, a reasonable and moral certainty that the accused, and no other person, committed the offense charged.

> But in such cases it is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant. They must exclude, to a moral certainty, every other reasonable hypothesis except the defendant's guilt; and unless they do so, beyond a reasonable doubt, you will find the defendant not guilty.

The evidence in this case clearly does not exclude the reasonable hypothesis that some other person, besides Annie Steinhauser, made the phone calls from the phone registered to H. H. Steinhauser on the dates alleged in the information.

The judgment is reversed and reformed to reflect an acquittal. See *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).