382 So.2d 1084 (1980)
Johnny Lee EVANS
v.
STATE of Mississippi.
No. 51851.
Supreme Court of Mississippi.
April 23, 1980.
Charles C. Pearce, Union, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and BROOM and COFER, JJ.
BROOM, Justice, for the Court:
Obscene language used in a telephone call was the gist of the offense for which Johnny Lee Evans (defendant) was convicted in the Circuit Court of Newton County. From his conviction and sentence of two years imprisonment, he appeals contending that (1) the evidence was insufficient, and (2) erroneous evidentiary rulings were made below. We reverse.
According to the evidence, on March 6, 1979, a Mrs. Williams received an obscene telephone call from someone she described as having a black male voice. There is no need for repeating the language which unquestionably was obscene. A "trap" or holding device, which had previously been placed on Mrs. Williams' telephone, caused an open connection to be maintained between her telephone and the line of the individual who dialed the number. By means of the trap, the call was traced to a party line in a rural area of Newton County. Five telephone subscribers, including the defendant's mother, Clementine Evans, had telephones on the party line. It is pointed out that the "trap" did not lead to a specific telephone or person on the line but led only to the party line.
Testimony established that four of the customers on the party line did not make the obscene call to Mrs. Williams. The matter was investigated by two Newton County deputy sheriffs who testified that they went to Clementine Evans' residence where they picked up the telephone and found an *1085 open connection between the telephones of Mrs. Evans and Mrs. Williams (receiver of the obscene call). Other testimony of the two law officers was that upon their arrival at the Evans residence, the defendant Johnny Lee Evans was nearby and ran into the woods.
WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE CONVICTION OF THE DEFENDANT? We think the testimony as outlined and summarized failed to establish the defendant's guilt beyond a reasonable doubt. There was a total lack of any testimony as to the identity of the persons who may have been in the Evans residence at the time the obscene call was made. Likewise, no testimony established that the defendant made the call, or was in the Evans residence at the time the call was made.
One of the law officers who testified stated that when he arrived at the Evans residence, the defendant was not there but at his grandfather's house nearby. The testimony failed to clearly establish who ordinarily resided in Mrs. Evans' residence, but testimony did indicate that more than one male child had been seen near the house. Undisputed testimony showed that another child (not the defendant), Mrs. Evans' stepson, lived next door approximately 25 feet from her residence.
As is true in all criminal cases, the state had the burden of proving beyond a reasonable doubt the identity of the defendant as the one guilty of the offense charged, but study of the record reveals that the state failed to establish who made the obscene call. Younger v. State of Mississippi, 301 So.2d 300 (Miss. 1974) is a case upholding the sufficiency of the evidence where Younger was convicted of making an obscene telephone call. In that case, the state's evidence included use of the "trap" just as is true in the present case. There as here when the one receiving the call received it, the telephone was left "off the hook" and thereby the call was traced to the house in which Younger resided with his mother (not a party line). In that case, Younger's mother told the investigating officer that the defendant "was the last person to use the telephone" but the present case lacks such evidence. More importantly, in Younger the state's evidence included a confession freely and voluntarily given by defendant Younger that he made the obscene telephone call just as he was charged. Because the evidence against Younger, including the confession, was so strong we held that "no other verdict than that reached by the jury could be expected. Miss. Supreme Court Rule 11 (1967)." (301 So.2d at 305). In the present case, the evidence against the defendant failed to establish his guilt beyond a reasonable doubt, and at the most merely established a strong suspicion that he was the guilty party. Accordingly, the conviction cannot be upheld.
REVERSED AND DEFENDANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.