**Sandra K. WOLFE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59701.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 24, 1981.

Rehearing Denied Sept. 23, 1981.

Brad Freeman, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Donald Land and Jerry Muller, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for telephone harassment. Sec. 42.07, V.T.C.A. Penal Code. Punishment was assessed at confinement for ten days.

By her third ground of error, appellant contends that the evidence is insufficient to sustain the conviction. We agree. At trial, the complainant, A. L. Edwards, testified that for several weeks during the month of March, 1977, he received numerous phone calls at his home where the caller would hang up when the phone was answered. On March 6, 1977, the date of the offense alleged in the information, the complainant received approximately 35 such calls. The calls continued until March 30. Edwards suspected that the appellant was making the calls, so he called the telephone company and gave the representative the appellant's phone number.[1]

Brenda Morphew from the Southwestern Bell Telephone Security Department testified that a dial-pulse register was connected to appellant's telephone number. Through this instrument, a computer printout was made, listing every number dialed on appellant's phone. Printouts listing numbers called on March 21 and 22 were introduced into evidence. These printouts reflected that several calls were made from appellant's phone to Edwards' phone on those two days. After the testimony of these two witnesses, the State and defense closed. Appellant's motion for a directed verdict was denied.

We agree with the appellant that the evidence is insufficient. At best, the State has proved that phone calls were made by

---

1. Edwards' suspicion apparently focused on the appellant because of her relationship with his son. The appellant's and Edwards' son's marriage had recently been annulled and Edwards' son was living with his parents at the time of the offense.

someone from appellant's phone to the complainant's phone two weeks after the offense alleged to have been committed on March 6.

In *Steinhauser v. State*, 577 S.W.2d 257 (Tex.Cr.App.1979), the defendant's conviction for telephone harassment was reversed for insufficient evidence. In that case, anonymous phone calls were traced to the defendant's home. This Court found:

"There is absolutely no evidence to show the appellant made the phone calls to the [complainant's] household on the dates alleged.... Finally, the evidence presented by the State shows that there were people other than the appellant present at the household of H. H. Steinhauser where the originating phone for the anonymous phone calls were registered. The State has failed to connect the appellant with the actual calls allegedly made to [complainant] on the dates alleged."

Similarly, in the instant case, there is absolutely no evidence connecting the appellant with the phone calls to the complainant on March 6, 1977. See *Faulkner v. State*, 510 S.W.2d 91 (Tex.Cr.App.1974). The jury in this case was charged on the law of circumstantial evidence. However, the evidence clearly does not exclude every other reasonable hypothesis except the appellant's guilt. Accordingly, the judgment is reversed and reformed to reflect an acquittal.

