Michael Erin Donley (defendant) petitions this court to review the decision of the Court of Criminal Appeals which affirmed his conviction for making harassing telephone calls in violation of Code 1975, § 13A-11-8 (b)(1)(b). We granted certiorari to review the issue of whether the prosecution proved defendant's guilt beyond a reasonable doubt. The Court of Criminal Appeals, 429 So.2d 603, concluded it did. We conclude it did not, and we reverse and remand.
The opinion of the Court of Criminal Appeals sets out the procedural and substantive facts of this case. In summary, the essential substantive facts are as follows.
Defendant and his wife, Allison Jane Ryan (Ryan) lived in an apartment at 1621-A Valley Avenue, Homewood, Alabama, until December 15, 1980. The couple separated at that time. Ryan went to live at the Mullins residence in Mountain Brook, Alabama. That household consisted of Ryan's mother, step-father, and sisters. When the couple separated, no one else lived in their apartment. Ryan never returned to the apartment. At trial Ryan testified that the apartment telephone number was 933-8972, and that it was listed in defendant's name. Ryan and defendant were divorced on February 6, 1981.
Harassing telephone calls were made to the Mullins residence. As the result of a complaint, the Mountain Brook police asked the telephone company to place tracing equipment on the Mullins telephone. The tracing efforts proved to be successful. On February 4, 1981, Mrs. Mullins received nine harassing telephone calls between 1:15 a.m. and 9:36 p.m. Mrs. Mullins answered all of the calls. During the calls, nothing was said by the caller. Employees of the telephone company testified that the calls originated from 933-8972, defendant's telephone number, and that the listing of the number was to defendant's apartment.
After the trial court denied defendant's motion to exclude, he rested his case without presenting evidence. The jury found him guilty, and the trial court imposed sentence.
Did the Court of Criminal Appeals err in concluding that the trial court correctly denied defendant's motion to exclude? We hold that it did. This court has stated: *Page 619 
 Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, does not constitute error. Drummond v. State, 37 Ala. App. 308, 67 So.2d 280; Wade v. State, 24 Ala. App. 176, 132 So. 71.
Young v. State, 283 Ala. 676, 681, 220 So.2d 843, 847 (1969); see also, Stewart v. State, 405 So.2d 402 (Ala.Cr.App. 1981);Taylor v. State, 46 Ala. App. 105, 238 So.2d 902 (1970). Similarly, the Court of Criminal Appeals has stated:
 The question to be decided is whether vel non the evidence presented by the State prior to the motion to exclude, if believed by the jury, would be sufficient to convince the jury beyond a reasonable doubt of the defendant's guilt. Randolph v. State, 100 Ala. 139, 14 So. 792 (1894); Morton v. State, Ala.Cr.App. (1976), 338 So.2d 423, cert. denied, Ala., 338 So.2d 428.
Kontos v. State, 363 So.2d 1025 (Ala.Cr.App. 1978).
Was the prosecution's evidence sufficient to sustain a conviction if believed? We find it lacking in at least one crucial respect. The evidence did not connect defendant with the harassing telephone calls. We reach this conclusion even when we view the evidence in a light most favorable to the prosecution. No testimony or other evidence even placed defendant at his apartment when the calls were made. There was no testimony as to the composition of defendant's household at the time of the calls. Others may have then resided at the apartment or otherwise have had access to the telephone there. The mere fact that the calls originated from a telephone listed in defendant's name does not sufficiently connect him with the crime.
Counsel for the parties call to our attention two cases, from our Court of Criminal Appeals, dealing with harassing telephone calls. One is Babies v. State, 56 Ala. App. 37, 318 So.2d 777
(1975). The other is Stallworth v. State, 52 Ala. App. 619,296 So.2d 243 (1974). Neither is adequately on point to be dispositive. In Babies v. State, defendant's conviction was supported by evidence that included the victim's identification of his voice and defendant's arrest when he was sitting within reach of his telephone after a harassing call was made. The Court of Criminal Appeals decided Stallworth v. State on the issue of jury selection. For that reason, it is not helpful.
Therefore, we look to cases from other jurisdictions for guidance. Although they are not controlling, we find several to be persuasive authority for the issue under consideration. InEvans v. State, 382 So.2d 1084 (Miss. 1980), an obscene telephone call was traced to a party line with five subscribers. Although the tap could not single out a specific telephone on the party line, testimony eliminated four of the five subscribers. Sheriff's deputies went to the fifth household on the party line. There they found an open connection with that telephone and the victim's telephone. When they arrived, the defendant, who was nearby, ran into the woods. Noting that the testimony did not establish that defendant made the call, nor that he was in the house when it was made, nor that he ordinarily resided there, the Mississippi Supreme Court concluded that the state's case merely established a strong suspicion, but not guilt beyond a reasonable doubt.
In Steinhauser v. State, 577 S.W.2d 257 (Tex.Crim.App. 1979), evidence adduced at trial established that harassing telephone calls originated from the telephone in defendant's household. The state could not establish that others who lived there did not make the calls. The victims could not positively identify the harassing voice as that of defendant. The Texas Court of Criminal Appeals held the evidence insufficient to connect defendant with the crime. The Ohio Court of Appeals considered a similar fact situation in State v. Hulsey, 15 Ohio Ct.App.2d 153, 239 N.E.2d 567 (1968), and also found the state failed to identify the defendant as the harassing caller. Although *Page 620 
these cases are not identical in their factual settings, they all involve circumstantial evidence far stronger than that adduced in the case under consideration. In each case, the respective appellate courts found the evidence to be inadequate. In the case before us, the prosecution's case did not merit being submitted to the jury. No question of fact was presented for the jury's resolution, because the evidence failed to connect defendant with the crime.
For all of the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed. On remand, that court is to instruct the Circuit Court for Jefferson County to enter an acquittal in defendant's case.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, SHORES, EMBRY and BEATTY, JJ., concur.
JONES, J., recused.
MADDOX and ALMON, JJ., not sitting.