On an appeal from the Municipal Court of the City of Birmingham to the Jefferson County Circuit Court, the City by its prosecuting attorney filed a complaint against this appellant alleging in pertinent part that at a designated place and time in the City of Birmingham the defendant "did unlawfully, with intent to harass, annoy or alarm Naomi Moye, direct abusive or obscene language to Naomi Moye, to-wit: the defendant stated to Ms. Moye, `You ugly as . . . bitch, . . . kill your . . . you motherfuc . . . [some obscenities abbreviated herein]' in violation of § 11-6-10 of the General Code of the City of Birmingham, Alabama, 1980, as amended." The defendant, by her attorney, pleaded not guilty, a trial by jury was conducted, the jury found the defendant "guilty of harassment as charged in the complaint," and the court fixed defendant's punishment "at a fine of $200 and costs and 180 days in jail."
The alleged victim testified that while she was driving an automobile on a street in the City of Birmingham, someone whom she did not know was "tailgating" her automobile and thereafter pulled alongside of the alleged victim's vehicle, opened the window of the vehicle that had been tailgating and directed to the alleged victim the language set forth in the complaint. The defendant took the stand and emphatically denied that she had engaged in the conduct as to which the alleged victim had testified. Not only was there disagreement between the two as to the identity of the person speaking the words to Naomi Moye, but there was disagreement also between the two as to the identity of the person who, according to Naomi Moye, used similar language a number of times in telephone conversations between the two, which telephone conversations were recorded on tape by Naomi Moye and the tapes had been turned over by her to an officer of the Birmingham Police Department. The tapes were played in the presence of the jury, and from which tapes Naomi Moye testified she recognized the voice of the person talking with her as the voice of the same person who used the same language to her quoted above on the occasion heretofore related, but the defendant testified that the voice on the tape was not the defendant's "voice." *Page 387 
One contention by appellant is that the judgment of the trial court should be reversed because of the admission in evidence over the objection of the defendant of the mentioned telephone conversation, the attorney for appellant taking the position that it constituted a particular crime different from the one for which defendant was being tried. In our opinion, the evidence of the telephone conversations was properly admitted for two reasons, i.e., that it tended to show "a single plan, design, scheme or system" and that it tended to "identify" defendant as the person guilty of the particular offense charged in the complaint, both of which have been thoroughly considered and discussed by Judge McElroy in Gamble, McElroy'sAlabama Evidence, (3d ed. 1977), § 69.01 (6) and § 69.01 (8), respectively.
Another contention of appellant that the judgment of the trial court should be reversed is followed by argument in the brief of counsel for appellant that the trial court should have granted defendant's "Motion to Dismiss based on the ground that the City Ordinance and State Statute that she was being tried under was unconstitutionally vague and overbroad." The statute of Alabama referred to is now codified in Code of Alabama 1975, § 13A-11-8 (a), which provides in pertinent part the following:
 "(a) Harassment. — (1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:
". . .
 "b. Directs abusive or obscene language or makes an obscene gesture towards another person."
It is argued in brief of counsel for appellant that § 13A-11-8
"is vague and overbroad and is therefore in direct contradiction to the First and Fourteenth Amendments to the Constitution of the United States of America." We do not agree with this contention of appellant nor with his argument to the effect that his contention is supported by Broadrick v.Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), and N.A.A.C.P. v. Button, 371 U.S. 415, 83 S.Ct. 328,9 L.Ed.2d 405 (1963). We are of the opinion that the language used by defendant, according to the testimony of the alleged victim, constituted "fighting words" and/or "those which by their very utterance inflict injury or tend to incite any immediate breach of the peace" and are within the Constitutional right of the Legislature to proscribe, as held in Chaplinsky v. NewHampshire, 315 U.S. 568, 571, 62 S.Ct. 766, 86 L.Ed. 1031
(1942), and Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103,31 L.Ed.2d 408 (1972). We conclude that none of the cases of the Supreme Court cited by appellant supports the issue presented by appellant as to the unconstitutionality of Code of Alabama, § 13A-11-8 (a).
Appellant's third and final issue is thus captioned in brief of counsel for appellant:
 "THE PUNISHMENT PROVISION OF A CITY ORDINANCE CANNOT BE GREATER THAN AN EXACT SAME STATE STATUTE WITHOUT VIOLATING § 11-45-1 CODE OF ALABAMA, 1975."
Appellant's attorney, with commendable candor, states in his brief that he is aware of Donley v. City of Mountain Brook,429 So.2d 603 (Ala.Cr.App. 1982), reversed on a ground not pertinent to the issue under consideration in Ex parte Donley,429 So.2d 618 (Ala. 1983). We continue to hold what was fully considered and held, with citations of precedents, in Donley v.City of Mountain Brook, at 429 So.2d 616, 617, that the appellant's third and final issue is not well taken.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur. *Page 388