**Opinion issued May 22, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00614-CR

———————————

**COREY TERRELL MAYWEATHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case 1711363**

---

## O P I N I O N

A jury found the appellant guilty of promotion of prostitution. The trial court assessed punishment at six years' confinement. In two points of error, the appellant claims the evidence was legally insufficient to support his conviction and the trial court erred by allowing him to exercise his right to self-representation.

We affirm.

## Background

An anonymous tipster told Houston police a woman was recruiting juveniles for a prostitution ring. The tipster gave police information about the woman and images of prostitution advertisements the woman had supposedly placed. An undercover detective texted the phone number on the advertisements and set up a meeting. At the meeting, the woman, A.H., agreed to an act of prostitution.[1] Police arrested her and seized her phone.

Police got a search warrant for the phone. Rather than finding evidence of A.H. running a juvenile prostitution ring, they found evidence A.H. was being pimped out by the appellant. The State admitted hundreds of pages of text messages from the phone. The messages showed that A.H. reported her prostitution activities—including how much she earned—to the appellant, the appellant gave A.H. quotas for how much money she needed to earn from prostitution, and the appellant would arrange meetings for A.H. and on at least some occasions give her

---

[1] The indictment uses the complainant's initials. We will also use the complainant's initials, as nothing would be gained by using her full name in this opinion. *See* TEX. CONST. art. I, § 30(a)(1) ("A crime victim has the … right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process.") Although there is nothing in the record requesting the use of a pseudonym, the fact that the Legislature allows victims to use pseudonyms in such cases shows that the use of a victim's real name is not always essential. TEX. CODE CRIM. PROC. art. 58.103 (allowing use of pseudonyms to maintain confidentiality of files and records of victims of sexual assault).

rides to prostitution activities. In the text messages, the appellant told A.H. he was not her boyfriend, rather they had a "p and ho" relationship. A member of the Houston Police Department's vice squad testified that was slang for a pimp and prostitute relationship.

## Sufficiency of Evidence

In his first point of error, the appellant claims the evidence is legally insufficient to support his conviction. The appellant does not specify which element the evidence failed to prove or how the evidence failed to prove it. Instead, his point consists of stating the standard of review, describing the evidence—most of which points toward his guilt—then concluding that "[t]here was legally insufficient evidence that [the appellant] committed the offense of promotion of prostitution because the evidence failed to establish that 'while acting other than as a prostitute receiving compensation for personally rendering prostitution services, he knowingly … solicit[ed] [A.H.] to engage in sexual conduct with another person for compensation.'" That's every element of the charged offense.

We find this point was inadequately briefed. An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "Rule [of Appellate Procedure] 38.1 allows an appellant to present whatever issues for review he or she desires, with very few limitations." *Garrett v. State*, 220 S.W.3d 926, 928 (Tex.

Crim. App. 2007). But if an appellant does not present an argument, "an appellate court has no 'obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate citations to authorities and to the record.'" *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (quoting *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (alterations in original)).

By claiming the evidence is insufficient without explaining how, the appellant is inviting us to make arguments for him. Doing so would require abandoning our role as impartial arbiter, so we decline the invitation. *See Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) ("From appellant's brief, we cannot discern his specific arguments, and we will not brief appellant's case for him."); *Gibson v. State*, No. 06-24-00007-CR, 2024 WL 4585607, at *2 (Tex. App.—Texarkana Oct. 28, 2024, no pet.) (mem. op., not designated for publication) (rejecting, as inadequately briefed, sufficiency claim that was general assertion State failed to meet burden of proof); *see also English v. State*, No. 01-20-00139-CR, 2021 WL 4202159, at *3 (Tex. App.—Houston [1st Dist.] Sept. 16, 2021, no pet.) (mem. op., not designated for publication) (where defendant argued evidence was insufficient regarding one element, declining to address sufficiency regarding elements for which defendant presented no argument); *Quintana v. State*, No. 01-23-00815-CR, 2024 WL 5049020, at *3 (Tex. App.—Houston [1st Dist.] Dec. 10, 2024, pet. ref'd) (mem. op., not designated for publication) (same).

In its brief, the State notes the vagueness of the appellant's point but responds by arguing the sufficiency of the evidence to prove the elements of the offense. In his reply brief, the appellant presents a short argument critiquing the State for not using its brief to argue the evidence was sufficient to identify him as the sender of the text messages. The appellant's reply brief relies on a case from 1979 and a case from 1981 to claim that phone records connecting a defendant to a particular phone number are not enough to prove the defendant used the phone on a particular occasion.

We need not address this argument because it was raised for the first time in a reply brief. *Barrios v. State*, 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *see Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019) (holding intermediate court should have addressed argument raised in reply brief that was "related" to argument in original brief, but contrasting that to situation where "the defendant raises a completely different sufficiency challenge for the first time in a reply brief").

This case illustrates the wisdom of this rule. Raising a vague complaint in an opening brief forces the appellee to guess at an appellant's argument. Were we to let an appellant—who carries the burden of proof and persuasion on appeal—see the appellee's argument before making his own, it would force the appellee to either let the appellant's real argument go unaddressed, or open up a round of sur-reply briefs

that is not contemplated by the Rules of Appellate Procedure. Restricting an appellant's reply brief to "addressing any matter in the appellee's brief," TEX. R. APP. P. 38.3, promotes the orderly processing of appeals.

In the interest of justice, we will note that the appellant's argument fails. The cases relied on by the appellant, *Steinhauser v. State*, 577 S.W.2d 257 (Tex. Crim. App. [Panel Op.] 1979), and *Wolfe v. State*, 620 S.W.2d 602 (Tex. Crim. App. [Panel Op.] 1981), were telephone harassment cases. As one would expect from their vintage, in those cases the phone records showed the harassing calls came from phone numbers associated with the defendants' homes, but did not show who made the phone calls.[2] In contrast, the phone records here regarded a cell phone, which is more directly connected to an individual than is a landline. The State's evidence

---

[2] *Steinhauser* and *Wolfe* are dated not just by the technology involved but by the law they used. Both held the evidence was legally insufficient because it did not exclude "every other reasonable hypothesis" except the defendant's guilt. *See Wolfe v. State*, 620 S.W.2d 602, 603 (Tex. Crim. App. [Panel Op.] 1981); *Steinhauser v. State*, 577 S.W.2d 257, 259 (Tex. Crim. App. [Panel Op.] 1979). The Court of Criminal Appeals disavowed the "outstanding reasonable hypothesis" analytical construct in 1991. *Geesa v. State*, 820 S.W.2d 154, 159–61 (Tex. Crim. App. 1991)*, overruled on other grounds by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000); *see Laster v. State*, 275 S.W.3d 512, 520–21, 522–23 (Tex. Crim. App. 2009) (reiterating rejection of outstanding reasonable hypothesis analytical construct). Texas courts now look at whether the evidence proved the charged offense, not whether it disproved alternative theories. *See Melgar v. State*, 593 S.W.3d 913, 922 (Tex. App.—Houston [14th Dist.] 2020) ("We cannot indulge [alternative hypotheses] because they all lead to inferences that were rejected by the jury, and under our standard of review, we must consider all of the evidence in the light most favorable to the jury's decision."), *pet. dism'd*, No. PD-0243-20, 2022 WL 2240263 (Tex. Crim. App. June 22, 2022).

showed the cellular account for the phone was in the appellant's name, the appellant listed the phone number as his on a pawn receipt contemporaneous with the pimping text messages and on his bail bond after his arrest, A.H. had pictures of the appellant in her phone, and A.H. used the appellant's name at least once in the text messages. The appellant's reply brief does not address this evidence or explain how it is insufficient. *See Diamond v. State*, 496 S.W.3d 124, 134 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding evidence that text messages came from phone registered to defendant and defendant listed phone number on paperwork when arrested by police was sufficient to let jury infer defendant sent and received text messages on phone).

We overrule the appellant's first point.

## Waiver of Right to Counsel

In his second issue, the appellant argues the trial court erred by allowing him to waive his right to counsel and exercise his right to self-representation.

"The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court may dispense with counsel and make his own defense." *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999). For such a decision to be constitutionally effective, it must be made 1) competently, 2) knowingly and intelligently, and 3) voluntarily. *Id*.

The appellant's challenges go to his competence, and whether he made the decision "knowingly and intelligently." The decision to represent oneself is made "knowingly and intelligently" if is made with a full understanding of the right to counsel that is being abandoned as well as the danger and disadvantages of self-representation. *Faretta v. California*, 422 U.S. 806, 834–36 (1975).

The appellant claims he was not made aware of the dangers and disadvantages of self-representation. As the State correctly notes, the record belies this claim. There's a volume of the reporter's record titled "Faretta Hearing" where the trial court gave the appellant what are commonly called "*Faretta* warnings" and the appellant acknowledged them. The trial court advised the appellant he would be held to the same standard of conduct as a lawyer during trial, that he would have to "comply with the same technical rules of evidence and appellate procedure" as a lawyer, that his lack of formal legal training could lead him to waive claims by failing to make proper objections and offers, and that he would be unable to raise an ineffective-assistance-of-counsel claim based on his own performance. The appellant's brief does not address these warnings, but they are facially sufficient. *See Collier v. State*, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997) (holding pro se defendant was properly advised of dangers and disadvantages of self-representation where trial court "explained to him that there were technical rules of evidence and procedure that applied at trial, that he would not be granted any special consideration

8

with respect to those rules, and that as a result he might be disadvantaged both at trial and in any appeal that might follow").

The appellant's brief seems to argue the *Faretta* hearing doesn't count because it was conducted months before trial by a judge who did not preside at trial. The appellant cites no authority suggesting each judge to preside in a case must provide *Faretta* warnings and inquire into a pro se defendant's competence. The warnings ensure the defendant is aware of his rights and of the dangers of self-representation. Changing judges on a case should not alter the defendant's awareness of these things.

The appellant also claims he was not competent to assert his right to self-representation. The appellant points to his "admission to being autistic and presenting as being paranoid" as evidence of incompetence. At the *Faretta* hearing the appellant told the trial court he was home-schooled because he was autistic. The trial court noted it did not appear the appellant had "any problems communicating." The appellant said he was "able to perform out of it" "because of [his] mother's good skills."

The level of competence required to exercise the right of self-representation is the same as that required to stand trial. *Osorio-Lopez v. State*, 663 S.W.3d 750, 757 (Tex. Crim. App. 2022). A defendant is competent to stand trial if he has "'1) sufficient present ability to consult with his lawyer with a reasonable degree of

rational understanding'" and "'2) a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Godinez v. Moran*, 509 U.S. 389, 396 (1993)). The appellant cites no authority suggesting that autistic individuals are categorically incompetent to stand trial or represent themselves. *Cf. United States v. Roof*, 10 F.4th 314, 336–37, 363 (4th Cir. 2021) (rejecting claim that defendant with significant evidence of autism was incompetent to represent himself in death-penalty case).

The federal constitution allows states to deny the right of self-representation if a defendant is competent to stand trial but has a "severe mental illness" that interferes with his ability to conduct a trial. *See Indiana v. Edwards*, 554 U.S. 164, 178 (2008). That said, the federal constitution does not *require* states to do so. *Fletcher v. State*, 474 S.W.3d 389, 400–01 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (so holding and collecting federal cases so holding). Nothing in the record suggests the appellant's level of autism interfered with his ability to represent himself.

The appellant's claim that he "present[ed] as paranoid" seems to be a reference to a statement by the trial court at the beginning of the *Faretta* hearing. The trial court said that two days before the *Faretta* hearing the appellant came to court with his attorneys and dismissed them because "they had made threats against

10

his life and had discussed [a] potential defense of entrapment." The record contains no more information about this claim.

This statement by the trial court does not bring the appellant's competency to stand trial into question. *See Moore*, 999 S.W.2d at 395–96 (holding defendant's "outbursts" during trial, defendant's prior hospitalization for depression, and testimony defendant had "symptoms of schizo-affective disorder" did not bring competency to stand trial into question). Upon inquiry, the appellant told the trial court he had never been found incompetent, he had graduated high school, and he was very near completing a college degree. The trial record shows he presented on-point argument, questioned witnesses on topical matters, and raised objections. *See Fletcher*, 474 S.W.3d at 401 (using defendant's on-point performance at trial to support implied finding that defendant was competent to represent himself).

The record supports the trial court's finding that the appellant's decision to exercise his right of self-representation was made competently, knowingly, intelligently, and voluntarily. The trial court did not err by allowing the appellant to waive his right to counsel and exercise his right to self-representation.

## Conclusion

We affirm the trial court court's judgment.

Clint Morgan
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

Publish.