TYSON, Judge.
The appellant was indicted for the unlawful sale of marijuana in violation of § 20-2-70, Code of Alabama 1975. The jury found him “guilty as charged” and fined him $15,-001. The trial judge set sentence at eight years’ imprisonment in the penitentiary and ordered the jury’s fine be made a part of the sentence.
On the night of October 20, 1983, Officer Dennis Surrett of the Talladega Police Department, Officer Mike Martin of the Tal-ladega County Sheriff’s Department and Narcotics Agent Bill White, of the Alabama Bureau of Investigation met with Tina Morris Webster and Betty Smith. Webster was wired for sound and Smith was given the money with which to make a drug buy. At approximately 7:00 Webster and Smith got in a car and drove to the Chamber of Commerce parking lot. Surrett, Martin and White followed them in a van.
While Webster and Smith were parked, the appellant drove up in a van. Webster knew the appellant and asked him if he knew where they could obtain a bag of dope. The appellant said that he did and drove away but returned in about five min *190 utes with a man named David Horn. Webster and Smith then got in the van with the appellant and Horn and the four drove around. After talking for a little while, Smith gave Horn some money and Horn gave Smith a fifty dollar bag of marijuana. The four then smoked a joint. Horn was dropped off at a house before the appellant returned Webster and Smith to the Chamber parking lot.
Webster and Smith then met with Sur-rett, Martin and White. Smith gave the bag to Surrett who then gave it to Troy Crosson of the Talladega Police Department. Crosson then took the bag to the Jacksonville Crime Lab where the contents were analyzed by Ron Hubbard. Hubbard stated the substance inside the bag was marijuana and it weighed 18.1 grams.
I
The appellant contends his motion for a directed verdict of acquittal should have been granted because the State failed to prove the appellant’s participation in the sale.
“Any word or act contributing to the commission of a felony, intended and calculated to incite or encourage its accomplishment, whether the one so contributing is present or not, brings the accused, under such circumstances, within the influence of the cited statute.”
Snider v. State, 406 So.2d 1008, 1012 (Ala.Crim.App.), cert. denied, 406 So.2d 1015 (Ala.1981).
In the case at bar, we hold there was sufficient evidence presented at trial from which the jury could conclude, by fair inference, that the appellant participated in the sale of the marijuana. When asked if he knew where Webster and Smith could buy some marijuana, he replied that he did and went and picked up Horn. He drove around while the buy was being made and while the marijuana was sampled. After the buy was completed, the appellant dropped Horn off and then the girls. The appellant’s conduct not only contributed to the sale but also encouraged its accomplishment.
Therefore, the appellant’s motion was properly denied.
This cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.