This appeal follows a conviction for the offense of selling cocaine, a controlled substance, in violation of the Alabama Uniform Controlled Substances Act, as codified in § 20-2-70,Code of Alabama (1975). For the reasons outlined below, the conviction is affirmed.
Dennis Hobbs, Narcotics Division, Coffee County Sheriff's Department, testified that on June 12, 1984 he went to the residence of Lillie Esther Bryant to purchase some cocaine. At the time, Officer Hobbs was working as an undercover officer; he stated that he had purchased cocaine at the Bryant residence on three previous occasions. The appellant, according to Officer Hobbs, had been present at Ms. Bryant's residence on two of the prior occasions when the drug deals had taken place. Officer Hobbs said that when he arrived at Bryant's house on this particular night, the appellant was there again.
Officer Hobbs testified that while he negotiated with Ms. Bryant for the specific terms of the cocaine purchase, the appellant remained in the living room during the *Page 97 
entire transaction. Officer Hobbs said that when Ms. Bryant went to get the cocaine from her "connection," he offered to pay her cash, in advance. According to Officer Hobbs, Ms. Bryant indicated that would not be necessary, and, instead, asked the appellant to give her the money to purchase the drugs. Officer Hobbs testified that the appellant gave Ms. Bryant some cash and she left the house.
While Ms. Bryant was gone, according to Officer Hobbs, he and the appellant watched television and drank beer. Officer Hobbs stated that he paid Ms. Bryant for the cocaine when she returned. Officer Hobbs testified that he left the house with the cocaine in a clear plastic bag. The plastic bag was subsequently submitted to the Alabama Department of Forensic Sciences in Enterprise, and a determination of its contents was made by Joe Saloom.
Jerry Newton, Narcotics Division, Covington County Sheriff's Department, testified that he was with Officer Hobbs on the night in question but did not participate in the actual drug transaction. Officer Newton stated that, instead, he observed the activities at the Bryant residence from his vehicle, which was parked down the street. According to Officer Newton, he watched Ms. Bryant as she left the house and he observed her return. Officer Newton stated that when Officer Hobbs returned to the police car, he had with him a small plastic bag, which was later submitted to Joe Saloom, Alabama Department of Forensic Sciences. A properly certified copy of the lab report was received into evidence, over the objection of defense counsel. According to the laboratory analysis, the plastic bag contained 680 milligrams of cocaine.
At the close of the State's evidence, defense counsel made a motion to exclude, and the trial court denied the motion. The appellant then took the stand.
The appellant testified that he was living with Lillie Esther Bryant during the summer of 1984. The appellant stated that one night Dennis Hobbs came by with Ms. Bryant's adopted son. According to the appellant, Hobbs had been to the house on other occasions. On this occasion, he said Hobbs wanted to buy some cocaine from Ms. Bryant. The appellant admitted that, on this occasion, he gave some money to Ms. Bryant but he said the money had been to purchase groceries. He denied that any conversations concerning "cocaine" took place in his presence.
On behalf of the appellant, Lillie Esther Bryant testified and admitted that she had pleaded guilty to the charge of selling cocaine, based on a sale which took place at her house during the time in question. According to Ms. Bryant, her adopted son came by her house one night with Dennis Hobbs. Ms. Bryant stated that when Hobbs indicated that he wanted to buy some cocaine, she made a phone call from the back bedroom in order to arrange the sale. During this time, Ms. Bryant testified, the appellant remained in the living room watching television. Although Ms. Bryant stated that she was able to find someone who agreed to sell the cocaine, she explained that she had to purchase the contraband in person because the seller would not agree to deal with a stranger. Ms. Bryant stated that when she left the house to get the cocaine, the appellant gave her some money but that the money was to purchase gasoline, cigarettes, and milk. According to Ms. Bryant, any conversation concerning the purchase of drugs occurred outside the presence of the appellant. On cross-examination, Ms. Bryant admitted that she had been convicted in 1970 for "two accounts [sic] of false pretense."
At the close of all the evidence, defense counsel renewed his motion to exclude the evidence, which was overruled by the trial court. The jury retired and returned with a verdict of guilty. At the separate sentencing hearing, proof of appellant's prior felony convictions was made by the State and the trial court sentenced the appellant to 15 years' imprisonment. Several issues are raised on appeal; they have been organized, for purposes of clarity, into two general discussions. *Page 98 
 I
The first issue concerns the sufficiency of the evidence presented by the State. According to the appellant, the State failed to prove that he actually participated in the sale of the cocaine and this failure warrants a reversal of his conviction. The appellant argues that he was merely present in the house at the time of the illegal sale and his mere presence does not establish his guilt. Contrary to the appellant's position, however, it is apparent that the trial court properly overruled the defense motion to exclude the evidence made at the close of the State's case. It is also apparent that the conviction is supported by the evidence presented at trial.
Under the evidence presented at the close of the State's case in chief, when that evidence is viewed in a light most favorable to the State, it is apparent that a jury question was presented which justified the trial court's submission of the case to the jury for its consideration. Berry v. State,434 So.2d 295, 297 (Ala.Cr.App. 1983). The evidence presented by the State tended to show that the appellant participated in the sale by supplying the "front" money to purchase the cocaine. As this court stated in Snider v. State, 406 So.2d 1008, 1012
(Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981):
 "The State is required to produce evidence which affords a reasonable inference that the defendant participated in some way with the seller in making the sale, and such a linkage may be proved by circumstantial evidence. [Citation omitted.] In Baker v. State, 52 Ala. App. 150, 290 So.2d 214, cert. denied, 292 Ala. 708, 290 So.2d 217 (1974), we observed:
 "`Any word or act contributing to the commission of a felony, intended and calculated to incite or encourage its accomplishment, whether the one so contributing is present or not, brings the accused, under such circumstances, within the influence of the cited statute.'
 "Where the evidence, as here, raises a question of fact for the jury and that evidence, if believed, is sufficient as a matter of law to sustain the conviction, the denial of the appellant's motion to exclude the State's evidence is not error. [Citation omitted.]"
Although the appellant presented testimony which contradicted the State's evidence, the conflicting evidence "presented an issue for the jury to resolve and they resolved it against [the] appellant," Mullins v. State, 56 Ala. App. 460, 464,323 So.2d 109, 113, cert. quashed, 295 Ala. 412, 323 So.2d 116
(1975).
In the case sub judice, the fact that the appellant did not physically accompany Ms. Bryant and directly obtain the contraband from the "dealer" does not mean that he cannot be convicted of the offense of "sale" of cocaine. In a recent case, the Eleventh Circuit Court of Appeals discussed what is meant by the term "sale" for purposes of the Alabama Uniform Controlled Substances Act:
 "Although not defined in the Act, the Alabama courts have given two distinct meanings to the term `sale' in the statute. First and naturally, a `sale' of a controlled substance includes a direct purchase of the substance from the defendant by the buyer. Second, the Alabama courts have recognized that `[a] person may be guilty of selling a controlled substance where he is a go-between, agent for the seller, or agent for the buyer.' Hill v. State, 348 So.2d 848, 850 (Ala.Cr.App.), cert denied, 348 So.2d 2d 857 (Ala. 1977), quoting 28 C.J.S. Supp. Drugs and Narcotics § 173. In this sense of the term `sale' a person is guilty of selling a controlled substance if his or her conduct affords a reasonable inference that he or she participated in some way with the actual seller in making the sale. Snider v. State, 406 So.2d 1008, 1012 (Ala.Crim.App.), cert. denied, 406 So.2d 1015 (Ala. 1981); Hill v. State, supra, at 855. Under this definition of `sale', the participation of the defendant in, or his or her criminal linkage with, the sale is the basis of criminal liability, and not the actual act of the defendant in physically transferring the controlled *Page 99 
substance to the buyer." Martin v. State of Alabama, 730 F.2d 721, 724 (11th Cir. 1984).
In the Martin case, the Eleventh Circuit concluded that there was sufficient evidence presented by the State to support Martin's conviction for sale of a controlled substance, because Martin was involved in "aiding, facilitating, participating, or acting as a go-between for the informant buyer." Id. at 725. In the present case, as in Martin, it is apparent that the appellant "aided" and "facilitated" the drug sale when he supplied the money for the purchase. Under Alabama law, a defendant may be properly convicted of the offense of selling illegal contraband where his conduct "not only contributed to the sale but also encouraged its accomplishment." Edminston v.State, 474 So.2d 189, 190 (Ala.Cr.App. 1985).
One of the cases referred to in the Martin case is particularly relevant to the issue raised by this appellant. The case of Hill v. State, 348 So.2d 848 (Ala.Cr.App.), cert.denied, Ex parte State ex rel. Attorney General, 348 So.2d 857
(Ala. 1977), contains an excellent discussion of the issue of sufficiency of the evidence where the defendant denies that he "participated" in the "sale" of the contraband. Although this court in Hill concluded that there was insufficient evidence to link the defendant to the sale of the contraband,[1] this court stated inter alia that "We doubt not that a criminal linkage between a seller and one acting at the behest of a buyer of a controlled substance can be shown by circumstantial evidence."Id. at 855, quoted in Payton v. State, 463 So.2d 180, 184
(Ala.Cr.App. 1985). In the present case, there was sufficient evidence presented by the State that the appellant participated in the drug "buy." Although the appellant and his witness denied that he had any knowledge of criminal activity, "conflicting evidence as to what actually took place creates a question for the jury to resolve." Grice v. State,481 So.2d 449 (Ala.Cr.App. 1985).
 II
The appellant also argues that the trial court improperly allowed the admission into evidence of a properly certified copy of the lab report prepared by the Department of Forensic Sciences in Enterprise, Alabama.[2] At trial, defense counsel objected to the introduction of the report into evidence because the "best evidence is the man who made the report." Appellant's argument that the introduction of the certified copy of the report violated the "best evidence rule" is without merit. The copy of the report was properly certified and was admissible under the provisions of § 12-21-35, Code of Alabama
(1975). Under Alabama law, this statute provides an express exception to the best evidence rule. Thomas v. State,395 So.2d 1105, 1108 (Ala.Cr.App. 1981). As this court, per Judge Bowen, has stated:
 "Identification of a controlled substance by a State Toxicologist is, of course, sufficient to constitute a prima facie case. [Citation omitted.] Reports of a State Toxicologist and copies thereof are public records which are likewise admissible when offered into evidence. [Citations omitted.]. Thus, the admission of the Toxicologist's report in this case was sufficient to show that the controlled substance was pentobarbital as charged in the indictment." Bickerstaff v. State, 369 So.2d 315, 316 (Ala.Cr.App. 1979).
The appellant asserts additional grounds for his argument that the report was improperly admitted into evidence, but he has waived those additional grounds because they were not raised at the trial level. Even if, arguendo, objections to the admission of the certified copy had been made so as to properly raise these additional *Page 100 
grounds at trial, we would point out that it is apparent that the information contained in the report (i.e., that the substance tested was cocaine) was admitted into evidence without objection. Even the appellant and his witness at trial admitted that the substance sold to the undercover police officer was, indeed, cocaine. Here, as in Hastings v. State,460 So.2d 314, 316 (Ala.Cr.App. 1984), numerous references were made, during the course of the trial, to the fact that the substance in question was cocaine and said references were made "without any objection by defendant and without any motion by defendant to exclude such evidence."
AFFIRMED.
All the Judges concur, except PATTERSON, J., who concurs in result only.
[1] In Hill v. State, 348 So.2d 848 (Ala.Cr.App.),cert. denied, 348 So.2d 857 (Ala. 1977), the defendant's actions consisted of asking a question ("What's in it for me?") and accepting money from the narcotics agent (with the money the defendant purchased some marijuana for himself).
[2] The report concluded that the tested substance was cocaine.