I dissent from the majority's opinion holding that this case must be remanded so that the trial court can resentence the appellant without application of § 13A-12-250 and 13A-12-270, Code of Alabama 1975, because the circumstances surrounding the incident did not establish a "sale" of a controlled substance by the appellant, as that term is used in the above statutes. It is clear to me that the appellant was an active participant in the sale of a controlled substance. The facts showed that the undercover officers approached the appellant and asked to buy some cocaine. The appellant took them to a pool hall, where they obtained the cocaine. The appellant himself testified that he placed money in a pocket of one of the pool tables, went into the bathroom, came back, and retrieved cocaine from the same pocket into which he had put the money. The appellant's actions clearly constitute a "sale" for purposes of §13A-12-250 and 13A-12-270.
"Sale" is not specifically defined in the Alabama Criminal Code; however, this court in Scofield v. State, 496 So.2d 96
(Ala.Cr.App. 1986), defined that term as follows:
 " 'Although not defined in the Act [former § 20-2-70], the Alabama courts have given two distinct meanings to the term "sale" in the statute. First and naturally, a "sale" of a controlled substance includes a direct purchase of the substance from the defendant by the buyer. Second, the Alabama courts have recognized that "[a] person may be guilty of selling a controlled substance where he is a go-between, agent for the seller, or agent for the buyer." Hill v. State, 348 So.2d 848, 850 (Ala.Cr.App.), cert. denied, 348 So.2d 857 (Ala. 1977), quoting 28 C.J.S. Supp. Drugs and Narcotics § 173. In this sense of the term "sale" a person is guilty of selling a controlled substance if his or her conduct affords a reasonable inference that he or she participated in some way with the actual seller in making the sale. Snider v. State, 406 So.2d 1008, 1012
(Ala.Crim.App.), cert. denied, 406 So.2d 1015 (Ala. 1981); Hill v. State, supra, at 855. Under this definition of "sale," the participation of the defendant in, or his or her criminal linkage with, the sale is the basis of criminal liability, and not the actual act of the defendant in physically transferring the controlled substance to the buyer.' Martin v. State of Alabama, 730 F.2d 721, 724 (11th Cir. 1984)."
496 So.2d at 98-99. We should split this hair no further. The trial court correctly enhanced the appellant's sentence under § 13A-12-250 and 13A-12-270; therefore, I must dissent.